UNITED STATES of America, Plaintiff,

v.

Raymond BELLEVILLE and Diane Belleville, Defendants.

Crim. A. No. 80–80500.

United States District Court,
E. D. Michigan, S. D.

Jan. 27, 1981.

Martha E. Dennis, Asst. U. S. Atty., Detroit, Mich., for plaintiff.

Herbert M. August, Southfield, Mich., for defendants.

MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

This case is before the court on defendants' motion to dismiss the indictment for the government's failure to indict them within 30 days of their arrest, as required by the Speedy Trial Act, 18 U.S.C. §§ 3161(b), 3162(a). For the following reasons, defendants' motion is denied.

On July 17, 1980, defendants were arrested on a complaint in connection with the acts and conduct which form the basis of the indictment in this case. They were released on bond. Thereafter, on August 8, the government filed an ex parte motion to dismiss the complaint and this motion was granted without prejudice. Defendants' bonds were exonerated. On November 5, 1980, defendants were indicted in connection with the criminal activity charged in the complaint.

Defendants maintain that the indictment must be dismissed because the government failed to indict them within 30 days of their arrest on the complaint as required by § 3161(b). Under § 3162(a), they argue, the indictment must be dismissed. The government did not file any motion for excludable delay pursuant to § 3161(h), argue defendants, so there is no basis for extending the time period in which indictment could occur.

Defendants' argument overlooks the applicable section of the Speedy Trial Act, § 3162(d)(1). This section allows the

government to dismiss a complaint and indict more than 30 days after the defendants' arrest. Section 3161(d)(1) provides:

> If ... any charge contained in a complaint filed against any individual is dismissed or otherwise dropped, and thereafter a complaint is filed against such defendant or individual charging him with the same offense or an offense based on the same conduct or arising from the same criminal episode, or an information or indictment is filed charging such defendant with the same offense or an offense based on the same conduct or arising from the same criminal episode, the provisions of subsections (b) and (c) of this section shall be applicable with respect to such subsequent complaint, indictment, or information, as the case may be.

■ This section literally instructs that after a complaint is dismissed against a defendant, the government is free to file another complaint, or to file an indictment or information, and that the applicable time periods run anew from the filing of the subsequent complaint, information, or indictment, as the case may be. In other words, the events which transpired prior to the dismissal of the complaint are simply irrelevant in computing the time limits within which the defendant can be indicted or tried. That this is the proper interpretation of § 3161(d)(1) is indicated by two sources.

First, in the legislative history to the Speedy Trial Act, it is noted that pretrial delays work to the prejudice of a defendant who is charged with a crime:

> The Supreme Court in *Barker* [*Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)] outlined a number of factors which work against an individual who is forced to await trial for long periods of time. If he is detained, the time spent in jail disrupts family life and enforces idleness; jail offers little or no recreational or rehabilitative programs; "dead time" hinders the defendant's ability to gather evidence, contact witnesses, and otherwise prepare his case. For de-

fendants on pretrial release, the denial of a speedy trial may result in loss of employment or make it impossible to find work; restraints are placed on the accused's liberty, and he may be forced to live under a cloud of anxiety, suspicion, and hostility. The defendant's resources may be drained and his associations curtailed; and he may be subjected to public obloquy, which creates anxiety in his family, friends and the defendant himself.

House Report No. 93–1508, 1974 U.S.Code Congressional and Administrative News, pp. 7401, 7408.

These evils do not, however, accompany the status of an individual against whom all charges have been dropped, and the remedy sought by defendants in this case would not further the objectives of the Speedy Trial Act. Thus, § 3161(d) was described in the House Report as providing that "any subsequent indictment or information with respect to that crime and defendant must observe the requirements of subsections (b) and (c)." *Id.* at 7453.

Second, this interpretation of § 3161(d)(1) has been adopted by the Committee on the Administration of the Criminal Law of the Judicial Conference of the United States in its *Guidelines to the Administration of the Speedy Trial Act of 1974, As Amended,* (Dec. 1979 revision). In explaining § 3161(d), the Committee states at page 15:

> Paragraph (1) applies to cases in which an indictment or information is dismissed upon the defendant's motion or in which a complaint is dismissed upon the motion of either the defendant or the prosecution. If the defendant is again charged—even if the new charge is for the identical offense—paragraph (1) applies to the new complaint, indictment, or information the same rules that are applicable to an original charge pursuant to Sections 3161(b) and (c). *Thus, an arrest or service of summons on a new complaint would, under (b), commence a new thirty-day time limit running within which an indictment or information must be filed.* (Emphasis added.)

It follows as well that where no subsequent complaint is filed, the operable triggering event which dictates when the defendant must be brought to trial is the filing of an indictment or information. Section 3161(d) allows this filing to be done at any time, however, and the Speedy Trial Act requires only that the defendant be tried within a certain time period from the date of the indictment or information.

It is clear from the foregoing that no violation of the Speedy Trial Act occurred in this case, and that defendants are not entitled to the relief sought. Accordingly, the motion to dismiss is denied.

So ordered.