UNITED STATES of America, Appellant,

v.

Judith Ann KRYNICKI, Defendant, Appellee.

No. 81–1633.

United States Court of Appeals, First Circuit.

Argued June 2, 1982.

Decided Sept. 24, 1982.

Tobin N. Harvey, Asst. U.S. Atty., Boston, Mass., with whom William F. Weld, U.S. Atty., Boston, Mass., was on brief, for appellant.

David L. Sokol, Springfield, Mass., for appellee.

Before CAMPBELL and BREYER, Circuit Judges, PETTINE,* Chief District Judge.

PETTINE, Chief District Judge.

The United States appeals the district court's dismissal of a particular count of an indictment against the defendant-appellee. The district court ruled that the indictment was untimely under the Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq.,* and dismissed the indictment with prejudice. For the reasons that follow, the decision of the district court appealed from is reversed.

### Facts

On March 11, 1981, the defendant was arrested during a search of her home conducted pursuant to a search warrant. On March 12, 1981 the United States filed a two-count complaint, formally charging the defendant with possession of a stolen firearm in violation of 18 U.S.C. § 922(j) and possession of a sawed-off shotgun in violation of 26 U.S.C. § 5861(d). At a probable cause hearing held on March 20, 1981, a United States magistrate found probable cause to prosecute on the sawed-off shotgun charge. However, he found no probable cause as to the stolen firearm charge under 18 U.S.C. § 922(j) and dismissed the portion of the complaint charging this offense.

On May 7, 1981, fifty-seven days after defendant's arrest, a federal grand jury returned a three-count indictment against the defendant and three other persons. Count one of the indictment did not concern the defendant. Count two charged the defendant and two others with the receipt and possession of 120 stolen firearms in violation of 18 U.S.C. § 922(j). The last count charged the defendant alone with possession of a sawed-off shotgun in violation of 26 U.S.C. § 5861(d).

On July 1, 1981, the district court dismissed the indictment against the defendant upon defendant's motion. The court held that the indictment was untimely under the Speedy Trial Act, 18 U.S.C. § 3161(b) [1], because the indictment was re-

---

* Of the District of Rhode Island, sitting by designation.

1. 18 U.S.C. § 3161(b) provides:

Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. If an individual has been charged with a felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for

turned more than thirty days after defendant's arrest on substantially identical charges. The court then exercised its discretion under 18 U.S.C. § 3162(a)(1) to dismiss the indictment with prejudice.

On appeal, the government argues that the Speedy Trial Act did *not* require dismissal of the count charging possession of stolen firearms.[2] The United States contends that the Act's requirement that indictments be returned within thirty days of an arrest, 18 U.S.C. § 3161(b), is inapplicable to the stolen firearms count because no stolen firearms charges were pending against the defendant when she was indicted. The defendant contends that the government did not present this argument to the court below, and may not raise it for the first time on appeal.

### Discussion

#### I. *Raising Argument on Appeal*

No transcript of the district court's hearing on defendant's motion to dismiss the indictment is available. This court thus cannot know precisely what arguments the United States presented to the trial judge. The government claims that it *did* argue to the court below that the count of the indictment charging possession of stolen firearms was timely under the Speedy Trial Act because the substantially identical count in the complaint had been dismissed for lack of probable cause. However, the defendant vigorously disputes this allegation, and the court below did not recall the government making this argument at the dismissal

hearing. Order pursuant to Fed. R. App. P. 10(c) (April 1, 1982), Appendix at 27.[3] Thus, this Court can only assume that the government is raising its argument as to the stolen firearms charge for the first time on appeal.

The ordinary rule is that appellate courts will not consider issues not raised below. *Langton v. Berman,* 667 F.2d 231, 233 (1st Cir. 1981); *United States v. Miller,* 636 F.2d 850, 853 (1st Cir. 1980). The principal reason for this rule is that it "would be unfair if litigants were 'surprised on appeal by final decision there of issues upon which they ha[d] no opportunity [below] to introduce evidence.'" *United States v. Miller,* 636 F.2d at 853 (quoting *Hormel v. Helvering,* 312 U.S. 552, 556, 61 S.Ct. 719, 721, 85 L.Ed. 1037 (1941)). However, appellate courts *do* have discretion to examine issues raised for the first time on appeal, *Singleton v. Wulff,* 428 U.S. 106, 121, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976), and "exceptional cases or particular circumstances" may arise where a court will review questions of law neither pressed nor decided below. *United States v. Miller,* 636 F.2d at 853.

■ The present appeal is such an "exceptional case." First, the new issue is purely legal, and the record pertinent to resolution of this issue can be developed no further. *See United States v. Gabriel,* 625 F.2d 830, 832 (9th Cir. 1980), *cert. denied,* 449 U.S. 1113, 101 S.Ct. 925, 66 L.Ed.2d 843 (1981); *United States v. Golon,* 511 F.2d

---

filing of the indictment shall be extended an additional thirty days.

2. The government's brief on appeal also claimed that the lower court should have dismissed *without prejudice* the count of the indictment charging possession of a sawed-off shotgun. The government has since decided not to press this argument, and the court therefore does not consider the propriety of dismissal with or without prejudice of the shotgun count.

3. When no transcript of the proceedings at a hearing is available, Fed. R. App. P. 10(c) permits the appellant to "prepare a statement of the evidence or proceedings from the best available means, including his recollection." To the extent approved by the district court,

this statement constitutes the record on appeal. *Id.* The government prepared such a statement in this case. Paragraph six of this statement, prior to approval by the trial court, stated that the government had argued at the dismissal hearing that "the charge ... in Count 2 of the Indictment was not subject to dismissal since the Magistrate had found no probable cause to hold Krynicki on that charge...." Appendix at 29. However, in its order pursuant to Fed. R. App. P. 10(c) the district judge stated, "My recollection of the proceedings ... does not comport with the assertion ... in Paragraph 6. I therefore approve Paragraphs 1 through 5 as submitted, but not Paragraph 6." Appendix at 27.

298, 300–01 (1st Cir.), *cert. denied,* 421 U.S. 992, 95 S.Ct. 1999, 44 L.Ed.2d 483 (1975) ("salient factor" in hearing issue not raised below was that the "strictly legal" issue was "presented on the face of the statute"). *Cf. Dobb v. Baker,* 505 F.2d 1041, 1044–45 (1st Cir. 1974) (refusing to hear argument not raised below in part because additional evidence required for proper resolution). The defendant thus cannot complain that appellate resolution of this issue will deprive her of an opportunity to introduce relevant evidence. *See Hormel v. Helvering,* 312 U.S. 552, 556, 61 S.Ct. 719, 721, 85 L.Ed. 1037 (1941).

Second, the government's argument as to the interpretation of § 3161(b) is highly persuasive, *see* discussion *infra* at 293–295, leaving no doubt as to the proper resolution of this issue. *See Singleton v. Wulff,* 428 U.S. at 121, 96 S.Ct. at 2877 (hearing argument for first time on appeal within court's discretion where proper resolution beyond doubt). *Accord United States v. Parrilla Bonilla,* 648 F.2d 1373, 1386 (1st Cir. 1981) (refusing to hear argument for first time on appeal where correct resolution unclear); *Furtado v. Bishop,* 604 F.2d 80, 87 (1st Cir. 1979), *cert. denied,* 444 U.S. 1035, 100 S.Ct. 710, 62 L.Ed.2d 672 (1980) (same); *Johnston v. Holiday Inns, Inc.,* 595 F.2d 890, 894 (1st Cir. 1979) (same). Given the compelling nature of the government's argument, preliminary examination of this legal issue by the trial court would not benefit either the court or the parties appreciably.

Third, the issue of whether an indictment must be returned within thirty days after an arrest where the underlying charge has been dismissed prior to indictment is almost certain to arise in other cases. Thus, declining to reach this straight-forward legal issue will neither promote judicial economy, nor aid the administration of the criminal justice system. *See United States v. Golon,* 511 F.2d at 301 (reviewing purely legal issue where "almost certain to be presented in identical terms in other cases").

Finally, and most important, declining to reach the government's § 3161(b) argument would result in a miscarriage of justice. Both the government and the public have a legitimate and significant interest in prosecuting suspected criminals. Where, as here, the Speedy Trial Act clearly does not bar the government from prosecuting a defendant on a particular count in an indictment, justice requires that this court correct the lower court's error even though the government failed to apprise the court below of its error. *See Langton v. Berman,* 667 F.2d at 233 (issue cannot be raised for first time on appeal unless gross miscarriage of justice would result); *Johnston v. Holiday Inns, Inc.,* 595 F.2d at 894 (same).

## II. *Timeliness of Indictment As To Stolen Firearms Charge*

■ 18 U.S.C. § 3161(b) provides that "[a]ny . . . indictment charging an individual with . . . an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." Read in isolation, § 3161(b) requires dismissal of the entire indictment in this case because it was filed over thirty days after defendant Krynicki's arrest. The government, however, contends that this time limitation is inapplicable to the filing of an indictment when the charge upon which the defendant was arrested is no longer pending at the time of indictment. This court agrees, finding that 18 U.S.C. § 3161(d)(1) squarely governs this case.

Section 3161(d)(1) provides:

If any indictment . . . is dismissed upon motion of the defendant, or any charge . . . in a complaint is dismissed . . . , and thereafter a complaint is filed against such defendant charging him with the same offense or an offense based on the same conduct or arising from the same criminal episode, or an . . . indictment is filed charging such defendant with the same offense or an offense based on the same conduct or arising from the same criminal episode, the provisions of [§ 3161(b), (c) ] . . . shall [apply to] such subsequent complaint, [or] indictment. . . .

Section 3161(c), to which § 3161(d)(1) re-. fers, provides time periods within which a defendant must be brought to trial after the filing of an indictment and after other critical dates.[4]

At first glance, § 3161(d)(1) does not appear to assist the government. This section can be read to provide that, when a defendant is arrested, and subsequently indicted, "the provisions of [§ 3161(b) ] . . . shall [apply to] such subsequent . . . indictment," *id.* § 3161(d)(1), thus rendering the indictment untimely unless filed within thirty days of the *original arrest.*

Such a literal construction of the statute, however, would be patently absurd. First, if the true function of § 3161(d)(1) were to require that indictments filed after dismissal of initial charges must be returned within thirty days of the original arrest, § 3161(d)(1) would become mere surplusage. Read in isolation, § 3161(b) already performs this function because its language applies to *any* indictment, regardless of whether or not initial charges have been dismissed. Second, such a construction of these sections would squarely conflict with the clear legislative intent underlying the Speedy Trial Act.

 Given the purpose behind the Act, this court holds that § 3161(b) applies *only* where, at the time of indictment, the charge upon which a defendant was arrested and upon which a complaint was issued is *still pending. See United States v. Jones,* 676 F.2d 327, 329–32 (8th Cir. 1982)

(§ 3161(b) applies only where arrestee later charged with offense). Where the complaint has been dismissed, and no charge is pending at the time of indictment, § 3161(d)(1) only directs the government to commence trial of the defendant after the filing of the indictment within the time period set out in § 3161(c).[5] Thus, this court agrees with the district court in *United States v. Belleville,* 505 F.Supp. 1083 (E.D. Mich. 1981), that "the events which transpir[e] prior to dismissal of the complaint are simply irrelevant in computing the time limits within which the defendant can be indicted or tried." *Id.* at 1084. *Accord Frase, The Speedy Trial Act of 1974,* 43 U. Chi. L. Rev. 667, 696 (1976). *See United States v. Hillegas,* 578 F.2d 453, 459 (2d Cir. 1978) ("Congress' purpose [in Speedy Trial Act] was to disregard the period after [an arrest and *voluntary*] dismissal of a complaint and prior to the filing of an indictment for the same offense.").

The legislative history of the Speedy Trial Act compels this reading of §§ 3161(b) and (d)(1). As the court noted in *United States v. Mulherin,* 521 F.Supp. 824, 826 (S.D. Ga. 1981), "[t]he legislative intent underpinning section 3161(d) is made clear from the . . . Senate Report" on the Act. The Senate Report describes § 3161(d) as giving "latitude to the prosecutor to re-institute prosecution of a . . . defendant whose case has . . . been dismissed on non-speedy trial grounds without having to

---

**4.** 18 U.S.C. § 3161(c) provides:

(1) In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. If a defendant consents in writing to be tried before a magistrate on a complaint, the trial shall commence within seventy days from the date of such consent.

(2) Unless the defendant consents in writing to the contrary, the trial shall not commence less than thirty days from the date on which the defendant first appears through

counsel or expressly waives counsel and elects to proceed pro se.

**5.** This construction of §§ 3161(b) and (d)(1) does not nullify § 3161(b) in cases where the initial complaint is dismissed. For example, where a defendant is arrested and served with a complaint that is later dismissed, "the government is free to file another complaint" under § 3161(d)(1), *United States v. Belleville,* 505 F.Supp. 1083, 1084 (E.D. Mich. 1981), and may, on the basis of the subsequent complaint, obtain an arrest warrant or a summons. Fed. R. Crim. P. 4(a). Section 3161(b) would then require any indictment returned against the defendant to be filed within thirty days of the date of the defendant's subsequent arrest or of the service of summons upon him.

comply with the time limits imposed by the filing of the earlier complaint." S. Rep. No. 1021, 93d Cong., 2d Sess. 26, 33 (1974). Congress recognized that it would be an "insurmountable burden" to "require a prosecutor to conform to indictment and trial time limits . . . set by the filing of the original complaint in order to reopen a case on the basis of new evidence." *Id.* Thus, "when subsequent complaints are brought, the time limits will begin to run from the date of the filing of the subsequent complaint." *Id.* The result should logically be no different where a dismissed complaint is followed by an indictment, rather than by a new complaint. *United States v. Belleville,* 505 F.Supp. at 1085. *Cf. United States v. Hillegas,* 578 F.2d at 459–60 ("It would indeed be anomalous to provide [in § 3161(h)(6)[6]] that a post-dismissal period could be disregarded when a person is *reindicted* but not when proceedings are reinstituted [after the voluntary dismissal of a complaint] by the filing of an *original* indictment . . . ." (Emphasis added.)).

In addition, the purpose of the Speedy Trial Act requires that this Court interpret §§ 3161(b) and (d)(1) to allow the government to prosecute a defendant on an indictment returned more than thirty days after an arrest where the underlying charge in a complaint has been dismissed. Congress enacted the Speedy Trial Act because of "a number of factors which work against an individual who is forced to await trial for long periods of time." *See* H.R. Rep. No. 1508, 93d Cong. 2d Sess., *reprinted in* [1974] U.S. Code Cong. & Ad. News 7401, 7408. These "factors" include disruption of family life, loss of employment, anxiety, suspicion, and public obloquy. *Id.* However, such "evils do not . . . [significantly] accompany the status of an individual against whom . . . charges have been dropped." *United States v. Belleville,* 505 F.Supp. at 1084. As the Supreme Court recently noted in *United States v. MacDonald,* —— U.S. ——, 102 S.Ct. 1497, 71 L.Ed.2d 696 (1982), "[f]ollowing dismissal of charges, any restraint on liberty, disruption of employment, strain on financial resources, and exposure to public obloquy, stress and anxiety is no greater than it is upon anyone openly subject to a criminal investigation." *Id.* —— U.S. at ——, 102 S.Ct. at 1502, at 704 (holding that Speedy Trial guarantee of Sixth Amendment is inapplicable to period between dismissal of military charges and indictment on civilian criminal charges). Thus, this Court finds that the "policy and purpose of the Act . . . , [which] have been to expedite the processing of *pending* criminal proceedings," *United States v. Hillegas,* 578 F.2d at 456, support the government's reading of §§ 3161(b) and (d)(1).[7] The Act's purpose

---

**6.** 18 U.S.C. § 3161(h) excludes various periods of delay from the computation of time within which trial of an offense must begin. Where a defendant pleads not guilty, the general rule is that trial must commence within seventy days after the date on which an indictment is filed and made public. *Id.* § 3161(c)(1). However, § 3161(h)(6) provides that, where an initial indictment is dismissed on the government's motion, and the defendant is later reindicted on the same offense, "any period of delay from the date the charge was dismissed to the date the time limitation would commence to run as to the subsequent offense had there been no previous charge" is excluded in determining when trial must begin. Section 3161(h)(6) has been interpreted as *tolling* the running of the seventy day period provided in § 3161(c)(1) during the time in which no indictment is outstanding. *United States v. Dennis,* 625 F.2d 782, 793 (8th Cir. 1980) (dicta); *United States v. Sebastian,* 428 F.Supp. 967, 973 (W.D.N.Y.), *aff'd,* 562 F.2d 211 (2d Cir. 1977), *aff'd mem.,* 578 F.2d 1372 (2d Cir. 1978). Congress' decision in § 3161(h)(6) to disregard the period between voluntary dismissal of an initial indictment and subsequent reindictment supports this Court's reading of §§ 3161(b) and (d)(1).

**7.** In *United States v. Hillegas,* 578 F.2d 453 (2d Cir. 1978), the government *voluntarily* dismissed a complaint against a defendant and subsequently indicted him on the same charge. The court held that, "[t]aken together, §§ 3161(d) and (h)(6) [*see* note 6 *supra*] make it clear that Congress' purpose was to disregard the period after dismissal of a complaint and prior to the filing of an indictment for the same offense." *Id.* at 459. The Court reasoned that the Speedy Trial Act was intended to expedite disposition of *pending* charges, "not to supervise . . . prosecutorial discretion at a time when *no criminal proceeding is pending before* [a] court." *Id.* at 456. Thus, the court stated that,

[a]lthough § 3161(h)(6), read literally, suspends the running of the Act's time limits

would not be served by requiring dismissal of the stolen firearms count of the indictment in this case because the corresponding charge in the complaint[8] was no longer *pending* at the time of indictment.[9]

The judgment of the district court dismissing the count in the indictment charging defendant with possession of stolen firearms is hereby reversed. The case is remanded for further proceedings consistent herewith.

---

upon the Government's dismissal of an *indictment,* as distinguished from a complaint, it follows *a fortiori* that upon a voluntary dismissal of a complaint the period thereafter up to the filing of an indictment should be excluded, if not disregarded entirely pursuant to § 3161(d).

*Id.* at 459 (footnote omitted). Needless to say, the result and the reasoning in *Hillegas* strongly confirm this Court's construction of §§ 3161(b) and (d)(1).

8. The Court notes that the complaint charged defendant Krynicki with receipt and possession of a single stolen firearm, and that the indictment charged her and two other persons with receipt and possession of 120 stolen firearms. The difference in the number of stolen weapons at issue in each document is irrelevant for purposes of §§ 3161(b) and (d)(1), as both parties appear to have conceded.

9. In both her appellate briefs and in oral argument before this Court, defendant focused on the thirty-day time period for filing an indictment after an arrest set out in the *Plan for Prompt Disposition of Criminal Cases Adopted by the United States District Court for the District of Massachusetts* § II (3)(a) (Effective July 1, 1980). Congress intended such plans, which district courts have adopted pursuant to 18 U.S.C. §§ 3165–66, to "accelerate the disposition of criminal cases ... consistent with the time standards of" the Speedy Trial Act. *Id.* § 3165(b). Such plans have been held to be binding rules of law. *E.g., United States v. Bullock,* 551 F.2d 1377, 1381 (5th Cir. 1977).

The Plan of the District Court of Massachusetts is not part of the record on appeal, and the Court has therefore not reviewed its provisions. The Court simply notes that neither party in this case has suggested that the plan would require a different result as to the stolen firearms charge than the Speedy Trial Act itself requires.