USCA1 Opinion

 

 November 23, 1992 UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT _____________________ No. 92-1483 No. 92-1483 UNITED STATES OF AMERICA, UNITED STATES OF AMERICA, Appellee, Appellee, v. v. JOSE MERCEDES-AMPARO, JOSE MERCEDES-AMPARO, Defendant, Appellant. Defendant, Appellant. ____________________ ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO FOR THE DISTRICT OF PUERTO RICO [Hon. Hector M. Laffitte, U.S. District Judge] [Hon. Hector M. Laffitte, U.S. District Judge] ___________________ ____________________ ____________________ Before Before Breyer, Chief Judge, Breyer, Chief Judge, ___________ Coffin, Senior Circuit Judge, Coffin, Senior Circuit Judge, ____________________ and Cyr, Circuit Judge. and Cyr, Circuit Judge. _____________ ____________________ ____________________ Luz M. R os Rosario for appellant. Luz M. R os Rosario for appellant. ___________________ Esther Castro Schmidt, Assistant United States Attorney, with Esther Castro Schmidt, Assistant United States Attorney, with _______________________ whom Daniel F. Lopez-Romo, United States Attorney, and Jos A. Quiles whom Daniel F. Lopez-Romo, United States Attorney, and Jos A. Quiles ____________________ ______________ Espinosa, Senior Litigation Counsel, were on brief for appellee. Espinosa, Senior Litigation Counsel, were on brief for appellee. ________ ____________________ ____________________ ____________________ ____________________ CYR, Circuit Judge. Appellant Jose Mercedes Amparo CYR, Circuit Judge. _____________ pled guilty to attempting to bring illegal aliens into the United States in violation of 8 U.S.C. 1324(a)(1)(A). He claims that the twenty-four month prison term imposed by the district court was disproportionately severe and premised on an improper upward departure. We remand for resentencing due to the government's breach of its plea agreement obligation to recommend a sentence within the applicable guideline sentencing range ("GSR"). I I BACKGROUND BACKGROUND __________ On September 27, 1991, the United States Border Patrol intercepted a 38-foot yawl carrying ninety-five illegal aliens from the Dominican Republic to Aguadilla, Puerto Rico, which is not a designated port of entry into the United States. Border Patrol agents found neither food nor water aboard the vessel, nor did they find life jackets, safety or emergency equipment, sanitary facilities, or a radio for communication. Appellant was identified as a captain of the vessel and arrested. The co- captain was arrested as well, and both men were indicted under 8 U.S.C. 1324(a)(1)(A). Appellant entered into a plea agreement whereby he would plead guilty to one count, in return for the government's recommendation of a sentence within the applicable GSR and dismissal of the two remaining counts. At sentencing, the district court assigned a base offense level of nine for the offense of conviction under 8 U.S.C. 1324(a)(1)(A), see U.S.- ___ S.G. 2L1.1(a)(2), which was reduced by two levels for accep- tance of responsibility, then offset by a two level increase because appellant, as a captain of the vessel, provided a special skill to facilitate the commission of the offense, see U.S.S.G. ___ 3B1.3. The adjusted offense level of nine, combined with a category I criminal history, yielded a 4-to-10 month GSR. The court decided to depart upward to offense level fifteen, which resulted in an 18-to-24 month GSR, then sentenced appellant to a twenty-four month prison term. At oral argument on appeal, appellant asserted for the first time that the government had breached an express provision in the plea agreement by not recommending a sentence within the 4-to-10 month GSR. Government counsel conceded that no such recommendation had been made. Moreover, we note, sua sponte, ___ ______ that the presentence report ("PSR") misstates the pertinent provision in the plea agreement.1 ____________________ 1Although the plea agreement plainly states that "the parties have agreed to recommend that the sentence to be imposed be within the guideline range," the PSR states: "On December 12, 1991, the defendant pled guilty to count one pursuant to the plea agreement which proposes that in exchange for the defendant's plea of guilt [sic] the government will not make a recommendation ___ ____ _ ______________ as to sentencing, but will move the Court for dismissal of the __ __ __________ remaining counts." (Emphasis added.) Elsewhere, the PSR states: "Under the plea agreement, the defendant has pled guilty to count one in exchange for the dismissal of count[s] two and three." 3 II II DISCUSSION DISCUSSION __________ "Plea bargaining is a fundamental part of our criminal justice system . . .," Correale v. United States, 479 F.2d 944, ________ _____________ 947 (1st Cir. 1973), but though it promotes efficiency and expedition in the administration of criminal proceedings, its benefits "flow . . . from the defendant's waiver of almost all the constitutional rights we deem fundamental. There must accordingly be safeguards to insure that the waiver is knowledge- able . . . and voluntary . . . ." Id. (citing Boykin v. Alabama, ___ ______ _______ 395 U.S. 238 (1969), and Machibroda v. United States, 368 U.S. __________ ______________ 487 (1962)). "Though a legitimate prosecution promise does not render a guilty plea legally involuntary, Brady v. United States, _____ _____________ 397 U.S. 742 (1970), its fulfillment is a necessary predicate to a conclusion of voluntariness when a plea 'rests in any signifi- cant degree' on it." Correale, 479 F.2d at 947 (quoting Santo- ________ ______ bello v. New York, 404 U.S. 257, 262 (1971)). _____ ________ Ordinarily, "an issue not presented in the district court will not be addressed for the first time on appeal." United States v. Curzi, 867 F.2d 36, 44 (1st Cir. 1989). See _____________ _____ ___ also United States v. Fox, 889 F.2d 357, 359 (1st Cir. 1989); ____ ______________ ___ United States v. Figueroa, 818 F.2d 1020, 1025 (1st Cir. 1987); _____________ ________ United States v. Argentine, 814 F.2d 783, 791 (1st Cir. 1987). ______________ _________ An appellate court nevertheless has the discretionary power, in an exceptional case, to resolve an issue not passed on below. Singleton v. Wulff, 428 U.S. 106, 121 (1976). See United States _________ _____ ___ _____________ 4 v. La Guardia, 902 F.2d 1010, 1013 (1st Cir. 1990); United States __________ _____________ v. Krynicki, 689 F.2d 289 (1st Cir. 1982). Although the discre- ________ tionary appellate power to consider an unpreserved issue should be exercised sparingly, La Guardia, 902 F.2d at 1013, it is ___________ appropriately invoked if "'injustice might otherwise result.'" Singleton, 428 U.S. at 121 (quoting Hormel v. Helvering, 312 U.S. _________ ______ _________ 552, 557 (1941)). The issue belatedly raised on appeal exhibits charac- teristics which we have considered sufficiently exceptional to warrant appellate review in other cases. The issue is one of law, as there is no dispute that the plea agreement was breached; and the issue is susceptible of resolution on the present record. See Krynicki, 689 F.2d at 291; see also La Guardia, 902 F.2d at ___ ________ ___ ____ __________ 1013. Moreover, due to the nature of the breach, the only question remaining is the appropriate remedy. See Krynicki, 689 ___ ________ F.2d at 292; see also La Guardia, 902 F.2d at 1013. Finally, ___ ____ ___________ appellate deferral of the belated claim would not "aid the administration of the criminal justice system," see Krynicki, 689 ___ ________ F.2d at 292; see also La Guardia, 902 F.2d at 1013, and, most ___ ____ ___________ importantly, it might well result in a miscarriage of justice in the present case. See Singleton, 428 U.S. at 121; La Guardia, ___ _________ __________ 902 F.2d at 1013; Krynicki, 689 F.2d at 292. ________ There is no conceivable basis for concluding that the government's promise to recommend a sentence within the GSR was not a significant factor in inducing appellant's plea. See ___ Correale, 479 F.2d at 947. Moreover, the material misstatement ________ 5 in the PSR that the government would make no sentencing recommendation may well have misled the district court to believe that the government was under no duty to recommend a __ ____ sentence within the GSR. In these circumstances, we are not prepared to assume either that the government's commitment to recommend a sentence within the GSR was a matter of no signifi- cance in obtaining appellant's guilty plea, see id., or that the ___ ___ court would not have given serious consideration to the govern- ment's sentencing recommendation had it been made. Thus, we cannot exclude all likelihood that appellant's waiver of consti- tutional rights lacked the requisite voluntariness, see Correale, ___ ________ 479 F.2d at 947, or that our failure to address the issue would result in a miscarriage of justice. See Singleton, 428 U.S. at ___ _________ 121 (appellate resolution of unpreserved issue may be appropriate where injustice would otherwise result).2 The undisputed breach of a core provision in the plea agreement, requiring the government to recommend a sentence within the GSR, must be remedied.3 Normally, a plea bargain breach by the government may be remedied either through specific performance of the unperformed provision or by allowing the defendant to withdraw the plea and proceed to trial. Kingsley v. ________ United States, 968 F.2d 109, 133 (1st Cir. 1992); United States _____________ _____________ v. Canada, 960 F.2d 263, 271 (1st Cir. 1992); see Santobello v. ______ ___ __________ ____________________ 2We note as well that appellant is illiterate. 3Although we accept the government's assurances at oral argument that its breach was inadvertent, "[t]hat . . . does not lessen its impact." Santobello, 404 U.S. at 262. __________ 6 New York, 404 U.S. 257, 263 (1971). "In choosing a remedy, a ________ court must exercise its 'sound discretion . . . under the circum- stances of each case.' . . . Specific performance, the less extreme remedy, is preferred." Kingsley, 968 F.2d at 113 (cita- ________ tions omitted) (quoting United States v. Garcia, 698 F.2d 31, 37 _____________ ______ (1st Cir. 1983)). We believe specific performance is appropriate in these circumstances. Although it misapprehends the nature of the breach,4 appellant's request for "resentencing with the express instruction that appellant be sentenced within the [GSR]" indi- cates appellant's preference for specific performance, rather than withdrawal of the plea. Moreover, the choice of remedy rests with the court, not with the defendant. Kingsley, 968 F.2d ________ at 113; Canada, 960 F.2d at 271. As specific performance would ______ not be "meaningless" in these circumstances, see id. at 114, but ___ ___ more appropriate than other remedies we might fashion, we vacate the sentence and remand for resentencing before a different judge in accordance with our normal practice. See Canada, 960 F.2d at ___ ______ 271 (remanding for resentencing before a different judge to remedy government's plea bargain breach). Vacated and remanded for resentencing. _______ ___ ________ ___ _____________ ____________________ 4Appellant's brief on appeal faults the district court's failure to impose a sentence within the GSR. However, the plea ______ agreement expressly provides that "the sentence will be left entirely to the sound discretion of the court . . ." Thus, the appellant was not entitled to a sentence within the GSR, but to the government's recommendation of such a sentence. ______________ 7