April 1, 1993
UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 92-2100

UNITED STATES OF AMERICA,

Appellee,

v.

RICHARD OCASIO-RIVERA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Perez-Gimenez, U.S. District Judge]

Before

Torruella, Selya and Cyr, Circuit Judges.

Jeffrey M. Williams, with whom Javier A. Morales Ramos and

Indiano, Williams & Weistein-Bacal were on brief, for appellant.

Jose A. Quiles Espinosa, Senior Litigation Counsel, with

whom Daniel F. Lopez-Romo, United States Attorney, and Edwin O.

Vazquez, Assistant United States Attorney, were on brief, for

appellee.

April 1, 1993

SELYA, Circuit Judge. This is another in the seemingly
SELYA, Circuit Judge.

endless line of criminal appeals marching stolidly to the beat of

the federal sentencing guidelines. Finding appellant's

lamentations to be without merit, we affirm the sentence imposed

below.

I.
I.

Background

In February 1992, a federal grand jury in the District

of Puerto Rico returned a five-count indictment against a cluster

of defendants. Appellant Richard Ocasio-Rivera was named in

three of the five counts. On May 5, 1992, Ocasio-Rivera pled

guilty to count 4 a count charging that, "[f]rom on or about

January 11, 1992 and continuing thereafter up to and including

January 24, 1992," he and his codefendants conspired to

distribute four kilograms of cocaine to an undercover agent. The

court ordered the preparation of a presentence investigation

report (PSI Report).

At a sentencing hearing held on August 21, 1992, the

district judge determined the guideline sentencing range to be

97-121 months (offense level 30; criminal history category I) and

imposed an incarcerative sentence slightly below the range's

midpoint.1 This appeal ensued.

II.

Discussion

1The other charges against appellant, contained in counts 1
and 5, were dismissed.

2

Ocasio-Rivera's appeal hinges on three assignments of

error. We discuss them seriatim.

A.

The Alleged Sixth Amendment Violation

Appellant contends that he had a right, under the Sixth

Amendment,2 to have his attorney present during his audience

with the probation officer; that he sought to exercise this

right; that the interview nonetheless proceeded in counsel's

absence; and that, therefore, appellant's sentence should be

vacated because it was based, in part, upon information winnowed

from him during the uncounselled interview and included in the

PSI Report. This contention is reminiscent of a seldom used

ketchup bottle: at first glance, it looks full but, even when

tipped, slammed, and forcibly shaken, it is very difficult to get

anything out of it.

The facts are these. At the change-of-plea hearing on

May 5, 1992, appellant and his lawyer were advised that a PSI

Report would be compiled. On May 22, the probation officer,

Antonio Bruno, confirmed in writing that he was performing the

required investigation. Defense counsel admits that he received

this billet-doux no later than May 26.

On June 8, Bruno interviewed appellant. At that time,

2The Sixth Amendment provides in pertinent part:

In all criminal prosecutions, the accused
shall enjoy the right . . . to have the
Assistance of Counsel for his defence.

U.S. Const. amend. VI.

3

appellant lodged no objection to proceeding in his attorney's

absence. It was not until June 10 two days after the interview

had been completed that Bruno received a letter from the

attorney asking for the first time to be present when Bruno

questioned his client. At the sentencing hearing, appellant

neither alleged a Sixth Amendment violation nor moved to strike

the uncounselled statements.

It is a bedrock principle in this circuit that issues

must be squarely raised in the district court if they are to be

preserved for appeal. See, e.g., United States v. Slade, 980

F.2d 27, 30 (1st Cir. 1992); United States v. Figueroa, 818 F.2d

1020, 1025 (1st Cir. 1987). That principle applies unreservedly

in the criminal sentencing context. See United States v. Ortiz,

966 F.2d 707, 717 (1st Cir. 1992), cert. denied 113 S. Ct. 1005

(1993); United States v. Dietz, 950 F.2d 50, 55 (1st Cir. 1991)

(collecting cases); United States v. Pilgrim Mkt. Corp., 944 F.2d

14, 21 (1st Cir. 1991); United States v. Argentine, 814 F.2d 783,

790-91 (1st Cir. 1987). There is, to be sure, a narrow exception

for unusually compelling circumstances, but it is to be

"exercised sparingly," mainly in instances where the previously

omitted ground will ensure appellant's success and thus prevent a

miscarriage of justice. See Slade, 980 F.2d at 31; United States

v. Krynicki, 689 F.2d 289, 291-92 (1st Cir. 1982).

That ends the matter. On even the most generous

reading of the record, it is pellucidly clear that the Sixth

Amendment argument was never called to the sentencing court's

4

attention. Because the issue was not distinctly raised in a

timely fashion in the court below, and because the attendant

circumstances are manifestly insufficient to overcome this

procedural default,3 we conclude that the issue is not properly

before us. Consequently, the assignment of error fails.

B.

Role in the Offense

The court below rejected appellant's plea that he was a

"minor" or "minimal" participant in the conspiracy and, thus,

deserving of a reduction in the offense level under U.S.S.G.

3B1.2 (Nov. 1991). As with other sentence-decreasing

adjustments, a defendant must shoulder the burden of proving his

entitlement to a downward role-in-the-offense adjustment. See

Ortiz, 966 F.2d at 717; United States v. Ocasio, 914 F.2d 330,

3We pause to mention two of the several factors that counsel
against relaxing the raise-or-waive rule in this instance.
First, the interests of judicial economy would be poorly served;
this issue is unlikely to arise again in the District of Puerto
Rico because the probation department's policy is to allow
defense counsel to attend presentence interviews upon timely
request. Second, although we leave the question open, we do not
find appellant's argument "highly persuasive," Krynicki, 689 F.2d

at 292, at least at first blush. Four circuits have held that
there is no constitutional right to counsel at a routine
presentence interview in a non-capital case. See United States

v. Tisdale, 952 F.2d 934, 940 (6th Cir. 1992); United States v.

Johnson, 935 F.2d 47, 50 (4th Cir.), cert. denied, 112 S.Ct. 609

(1991); United States v. Woods, 907 F.2d 1540, 1543 (5th Cir.

1990), cert. denied, 111 S.Ct. 792 (1991); United States v.

Jackson, 886 F.2d 838, 844-45 (7th Cir. 1989). No circuit has

ruled to the contrary although the Ninth Circuit, without
reaching the constitutional question, has exercised its
supervisory powers to "direct that probation officers be required
to permit defendants' counsel to accompany their clients at the
presentence interview." United States v. Herrero-Figueroa, 918

F.2d 1430, 1433 (9th Cir. 1990).

5

332 (1st Cir. 1990). Reviewing the record in its entirety, we

think the sentencing court was amply justified in refusing to

label appellant a minor or minimal participant. We explain

briefly.

Based on the facts contained in PSI Report, the

sentencing court could supportably have found that, on January

10, 1992, appellant and a codefendant, Juan Mercado Lopez

(Mercado), together negotiated an anticipated multi-kilogram sale

of cocaine to an undercover agent; that the two men agreed to

sell three ounces as a sample; that appellant remained with the

prospective purchaser while Mercado fetched the sample; that

appellant repeatedly assured the "customer" about the quality of

the cocaine and the availability of the larger quantity for which

the trio had been dickering; that the sample was delivered; and

that, eleven days later, appellant received the purchaser's call

that he was ready to close the deal. The capture trap sprang

shut as consummation neared.

Although appellant strives to portray himself as a

minnow in service to a big fish (Mercado), his portrayal is

unconvincing. The facts set out above, in the ensemble, paint a

picture of appellant as far more than a minnow. The logical

inference and the one apparently adopted by the court below

is that the two men were roughly equal partners, sharing risks,

responsibilities, and rewards. On this basis, we think the

district court acted well within its proper province in finding

that appellant's role was neither minor nor minimal. See United

6

States v. St. Cyr, 977 F.2d 698, 706 (1st Cir. 1992) (holding

that "when there are two plausible views of the record, the

sentencing court's adoption of one such view cannot be clearly

erroneous"); United States v. Ruiz, 905 F.2d 499, 508 (1st Cir.

1990) (similar).

Appellant's principal rejoinder is that, since the

January 10, 1992 "sample sale" was the subject of count 1 and

since count 1 was dismissed, see supra note 1, the judge should

not have taken the evidence into account. We disagree. It is

well settled in the criminal law that evidence of prior uncharged

conduct (or, as here, evidence of prior conduct related to a

defunct count) is relevant and admissible to complete the story

of a charged crime by illuminating the chain of events leading up

to the charged crime and the context in which the crime occurred.

See, e.g., United States v. Devin, 918 F.2d 280, 286, 287-88 (1st

Cir. 1990); United States v. Reveron-Martinez, 836 F.2d 684, 688

(1st Cir. 1988); United States v. Currier, 821 F.2d 52, 55 (1st

Cir. 1987). So here. The January 10 sale, involving, as it did,

a sample for the larger transaction that the parties were

contemplating, was in the nature of a dress rehearsal. It was,

therefore, eminently reasonable for the judge to extrapolate from

the events of January 10 in deducing the appellant's place

within, and relationship to, the conspiracy charged in count 4.

C.

Acceptance of Responsibility

U.S.S.G. 3E1.1 (Nov. 1991) allows a sentencing court

7

to bestow a two-level downward adjustment upon a defendant who

accepts responsibility. The ultimate question under section

3E1.1 is not whether the defendant has uttered "a pat recital of

the vocabulary of contrition," but whether he has accepted full

responsibility for his part in the offense of conviction by

demonstrating "candor and authentic remorse." United States v.

Royer, 895 F.2d 28, 30 (1st Cir. 1990); accord, e.g., United

States v. Uricoechea-Casallas, 946 F.2d 162, 167 (1st Cir. 1991);

United States v. Bradley, 917 F.2d 601, 606 (1st Cir. 1990). The

defendant has the burden of proving his entitlement to an

acceptance-of-responsibility credit, see Bradley, 917 F.2d at

606, and the sentencing court's determination to withhold the

reduction will be overturned only if it is clearly erroneous.

See Royer, 895 F.2d at 29.

We have placed a gloss on the use of section 3E1.1 in

multiple-count cases. In United States v. Perez-Franco, 873 F.2d

455 (1st Cir. 1989), we held that, in order to obtain the

reduction, a defendant "must accept responsibility solely for

the counts to which he is pleading guilty." Id. at 463. Here,

appellant unsuccessfully sought an acceptance-of-responsibility

discount in the court below. On appeal, he contends that the

district judge transgressed the Perez-Franco rule, denying relief

because he, appellant, would not accept responsibility for the

nefarious conduct underlying the dismissed counts. The record

belies the contention.

As indicated previously, see supra Part II(B),

8

appellant labored at sentencing to convince the court that he was

a mere tagalong in a conspiracy orchestrated by Mercado. The

judge debunked this account and found instead that appellant, by

proclaiming he was a tagalong when he was actually a full

partner, had engaged in a campaign to minimize his involvement in

the offense of conviction. It was on that basis that the lower

court denied the downward adjustment. We discern no error.

Where a defendant resorts to evasions, distortions, or

half-truths in an effort to minimize his culpability, whether

during a presentence interview or in his allocution, the district

court may appropriately decide to withhold an acceptance-of-

responsibility credit under section 3E1.1. See United States v.

Reyes, 927 F.2d 48, 51 (1st Cir. 1991); Bradley, 917 F.2d at 606;

see also United States v. Chalkias, 971 F.2d 1206, 1216 (6th

Cir.), cert. denied, 113 S. Ct. 351 (1992). This case is cast in

that mold. The sentencing court made an explicit finding of

conscious minimization a finding that was adequately supported

by the record and not vulnerable to clear-error attack. No more

was exigible.

III.

Conclusion

We need go no further. The ketchup bottle is dry (or,

at least, congealed) and the other condiments served up by

appellant lack zest. Having tasted the full flavor of the

unseasoned appeal, we conclude that appellant's sentence was

lawful.

9

Affirmed.

10