36 F.3d 1089
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Kelly K. LYDON, Plaintiff, Appellant,
v.
Jane H. MALME, ET AL., Defendants, Appellees.
 No. 94-1223
 United States Court of Appeals,
First Circuit.
 September 26, 1994
 
 Appeal from the United States District Court for the District of Massachusetts [Hon. Joseph L. Tauro, U.S. District Judge ]
 Kelly K. Lydon on brief pro se.
 Scott Harshbarger, Attorney General, and Phyllis N. Crockett, Assistant Attorney General, on brief for appellees.
 D.Md.
 AFFIRMED.
 Before Torruella, Chief Judge, Selya and Cyr, Circuit Judges.
 Per Curiam.
 
 
 1
 The judgment of the district court is affirmed essentially for the reasons stated in the district court's January 28, 1994 memorandum and order.
 
 
 2
 We add that plaintiff-appellant Kelly Lydon raises an argument on appeal that the district court did not mention in its opinion. Lydon argues that he was accorded a constitutionally protected property interest in his job under state law pursuant to Article 22 of a collective bargaining agreement with the state. Article 22 states, in pertinent part, "No employee who has been employed in the bargaining unit described in Article 1 of this Agreement for six (6) consecutive months or more shall be discharged, suspended, or demoted for disciplinary reasons without just cause." Defendants-appellees Jane Malme, et al., concede that Lydon was covered under this agreement.
 
 
 3
 Lydon, however, did not raise this argument in the district court as a basis for his claim that he had a constitutionally protected property interest in his job. Consequently, he has waived the argument on appeal. See Ondine Shipping Corp. v. Cataldo, 24 F.3d 353, 355 (1st Cir. 1994); United States v. Slade, 980 F.2d 27, 31 (1st Cir. 1992). Lydon's status as a pro se litigant did not relieve him of the obligation to apprise the district court of all points he wished to raise in favor of his position. See, e.g., Eagle Eye Fishing Corp. v. United States Dep't of Commerce, 20 F.3d 503, 506 (1st Cir. 1994); Jaroma v. Massey, 873 F.2d 17, 22 (1st Cir. 1989).
 
 
 4
 It is true that we do have discretion, in an exceptional case, to reach issues that were not raised below. We have found that the exercise of that discretion may be appropriate where all (or most of) the following factors are present: (1) where the new issue is purely legal, so that there is no need for further development of the record in the district court; (2) where there is little doubt of the proper resolution of the issue; (3) where the issue is almost certain to be presented in identical terms in other cases; and, above all, (4) where failure to reach the issue would result in a miscarriage of justice. United States v. La Guardia, 902 F.2d 1010, 1013 (1st Cir. 1990); United States v. Krynicki, 689 F.2d 289, 291-92 (1st Cir. 1982).
 
 
 5
 Lydon's new issue does not sufficiently satisfy these criteria. For one thing, further development of the record might well aid in the determination of this issue. The record does not even contain a copy of the collective bargaining agreement that is alleged to be applicable; all that we have is what purports to be a copy of the single page of the agreement that contains Article 22. Malme asserts in her brief that Article 22 did not apply to Lydon's discharge because he was discharged not for disciplinary reasons, but for abandoning his position, which Malme says is covered by another section of the agreement. That other section is not in the record. The parties, too, might have introduced evidence concerning the manner in which Article 22 and any other relevant provisions of the agreement have been interpreted in practice.
 
 
 6
 Second, we cannot say with certitude what the proper resolution of this issue may be. Although it is true that other circuits have ruled that a just cause provision in a collective bargaining agreement entered into by the state can create a property interest in state employment, see, e.g., Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991), this court has yet to rule on the question. See Bennett v. City of Boston, 869 F.2d 19, 22 (1st Cir. 1989). Moreover, the provision at issue here does not clearly state that an employee cannot be discharged without cause. Instead, it states that an employee cannot be discharged "for disciplinary reasons without just cause." This seems, at first blush, to leave open the possibility that an employee can be discharged on other grounds, or for no reason at all, without just cause. It is by no means obvious, therefore, that this provision reasonably engenders a sufficient expectation of continued employment to create a property interest.
 
 
 7
 Also, Lydon concedes in his supplemental affidavit below that his discharge was not "for disciplinary reasons" and was not covered by Article 22. Lydon also concedes that he did not file a grievance challenging his discharge under Article 22. Although Lydon argues that defendants delayed sending him notice of his termination in order to defeat his right to file a grievance, the record suggests that, to the contrary, the effective date of his termination was delayed in order to permit a grievance filing. Given Lydon's stance below and his failure even to invoke the grievance machinery of the collective bargaining agreement, we could not say that it would result in a miscarriage of justice for us to decline to permit Lydon to invoke the collective bargaining agreement for the first time on appeal.
 
 
 8
 For all these reasons, this case does not present an appropriate occasion to consider Lydon's argument despite his default below.
 
 
 9
 Finally, Lydon also alleged in his complaint that defendants mistreated him in retaliation for his filing of a state workers' compensation claim, and attempted to interfere with his efforts to pursue that claim. The district court did not discuss these allegations. These are framed as state-law allegations, however, and, since all the parties are Massachusetts residents, the district court's subject-matter jurisdiction over this case is premised on the existence of a federal question. Having properly dismissed Lydon's federal claims, therefore, the district court appropriately declined to exercise pendent jurisdiction over Lydon's state-law claims. See United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966).
 
 
 10
 We have considered all of Lydon's other arguments and find them meritless.
 
 
 11
 The judgment of the district court is affirmed. See 1st Cir. R. 27.1.