<head>

<title>USCA1 Opinion</title>

<style type="text/css" media="screen, projection, print">

<!--

@import url(/css/dflt_styles.css);

-->

</style>

</head>

<body>

                United States Court of Appeals
                    For the First Circuit
                     ____________________

No. 98-1409

             FLORENCE SAMMARTANO and RICHARD UHL,
                                
                   Plaintiffs, Appellants,
                                
                              v.
                                
               PALMAS DEL MAR PROPERTIES, INC.,
                                
                     Defendant, Appellee.
                                
                     ____________________
                                
                                
         APPEAL FROM THE UNITED STATES DISTRICT COURT
                                
               FOR THE DISTRICT OF PUERTO RICO
                                
      [Hon. Juan M. Prez-Gimnez, U.S. District Judge]
                                
                     ____________________
                                
                            Before
                                
                    Lynch, Circuit Judge,
                  Cyr, Senior Circuit Judge,
                  and Lipez, Circuit Judge.
                                
                     ____________________
                                
 Gabriel I. Peagarcano for appellants.
        David W. Romn, with whom Brown & Ubarri was on brief,
for appellee.      
   
    
                     ____________________
                                
                       December 3, 1998
                                
____________________       

 LYNCH, Circuit Judge.  Plaintiff Florence Sammartano
brought a negligence claim against Palmas del Mar Properties, Inc.,
the owner of the Puerto Rico resort where she was staying, after
she fell while crossing a road from the resort parking lot to the
building where her room was located.  Co-plaintiff Richard Uhl, her
companion, brought a derivative claim for "mental and moral
damages."  Applying Puerto Rico law, the district court granted the
defendant's motion for summary judgment, holding that plaintiffs
had not demonstrated that defendant "had the duty to act to avoid
the harm" because they had not come forward with any evidence that
"the road was under the custody and control of Palmas de[l] Mar" or
that "Palmas del Mar [was] responsible for the upkeep" of the road.  
Finding that plaintiffs waived the only argument raised in their
appeal, we affirm.
 Plaintiffs argue that even if the district court ruled
correctly on the question of whether there was evidence that
defendant had custody or control of the road, there is an
alternative theory of duty on which they should have been permitted
to proceed, a theory that is within the broad parameters of
plaintiffs' notice pleading in the case.  The alternative theory is
that a property owner has a duty to provide safe access to the
property and that the owner may therefore be liable for failing to
remedy hazardous conditions in areas that are owned and maintained
by someone else.  For this theory, plaintiffs rely almost
exclusively on cases interpreting the law of jurisdictions other
than Puerto Rico, pointing to a handful of factually
distinguishable Puerto Rico cases only for the general proposition
that duty may be dictated by specific circumstances.  SeeAppellant's Brief at 9 (citing Sociedad de Gananciales v. Gonzalez
Padin Co., 17 P.R. Offic. Trans. 111 (1986) (finding a department
store liable for the distress caused to a customer who set off the
store alarm when a clerk forgot to remove a sensor and discussing
an owner's liability for damages that his acts and omissions may
cause to third parties inside his property); Rivera v. Maryland
Casualty Co., 96 P.R.R. 788 (1968) (finding a property owner liable
where a guest walked into a glass door on the property that was not
marked); Rodrguez Ramrez v. Franqui Viera, 86 P.R.R. 727 (1962)
(finding a driver negligent where a child playing with friends was
pushed into the driver's truck on a narrow bridge and stating that
"[i]f a specific dangerous conduct may be anticipated, this gives
rise to the duty of acting carefully" (internal quotation marks
omitted)); Ramos v. Carlo, 85 P.R.R. 337 (1962) (finding a
defendant liable for the affirmative act of leaving metal straps on
the sidewalk in front of his store)).
    In its brief, the defendant essentially ignores
plaintiffs' alternative theory and continues to insist, as it did
before the district court, that plaintiffs' claims were based
solely on the theory that defendant exercised custody or control
over the road.  Defendant also urges us to examine the summary
judgment papers submitted to the district court and asserts that
plaintiffs "utterly failed . . . to present a specific opposition
to [the] well-documented motion for summary judgment."  At oral
argument, defendant more directly stated that plaintiffs waived
the alternative theory by not raising it before the district court.  
We take this waiver issue seriously, because important
considerations of equity and judicial efficiency animate our well-
established rule that arguments may not be raised for the first
time on appeal.  See, e.g., United States v. Slade, 980 F.2d 27, 31
(1st Cir. 1992) ("Were the rule otherwise, little would be resolved
in the trial courts."); McPhail v. Municipality of Culebra, 598
F.2d 603, 607 (1st Cir. 1979) ("A party may not 'sandbag' his case
by presenting one theory to the trial court and then arguing for
another on appeal.").
    The essential first question, then, is whether the trial
judge was fairly apprised of the plaintiffs' alternative theory.  
See Grenier v. Cyanamid Plastics, Inc., 70 F.3d 667, 678 (1st Cir.
1995) ("If a party fails to assert a legal reason why summary
judgment should not be granted, that ground is waived and cannot be
considered or raised on appeal.  This is because an appellate
court, in reviewing a summary judgment order, can only consider
those matters presented to the district court."  (citations and
internal quotation marks omitted)); Slade, 980 F.2d at 31 ("Judges
are not obliged to do a movant's homework, searching sua sponte for
issues that may be lurking in the penumbra of the motion papers. .
. . Phrased another way, a party is not at liberty to articulate
specific arguments for the first time on appeal simply because the
general issue was before the district court."); McCoy v. MIT, 950
F.2d 13, 22 (1st Cir. 1991) ("It is hornbook law that theories not
raised squarely in the district court cannot be surfaced for the
first time on appeal. . . . Overburdened trial judges cannot be
expected to be mind readers.  If claims are merely insinuated
rather than actually articulated in the trial court, we will
ordinarily refuse to deem them preserved for appellate review.").  
We think that the court was not fairly apprised, and so we do not
reach the question of whether plaintiffs' alternative theory is
viable on these facts under Puerto Rico law.
    Plaintiffs' complaint alleged that defendant had been
negligent.  See P.R. Laws Ann. tit. 31,  5141 ("A person who by an
act or omission causes damage to another through fault or
negligence shall be obliged to repair the damage so done.").  In
response to this broad allegation, defendants answered and
affirmatively pled, inter alia, that "the area or place where
plaintiff fell and injured her wrist was not owned or controlled by
the appearing defendant" and that "the alleged injury resulted as
a consequence of the exclusive or concurrent negligence of third
parties, for which the appearing defendant is not liable."  In the
face of these affirmative defenses, plaintiffs in their proposed
pretrial order repeated the broad claims in the complaint and
contended that "[d]efendant[] [is] liable for the damages suffered
. . . owing to the unsafe condition in which it maintained the
area" where Sammartano fell.  Defendant's proposed pretrial order
repeated that it neither owned nor maintained the road and so could
not be liable.
    Defendant then moved for summary judgment on precisely
these grounds.  Plaintiffs' response did not assert, as they do on
appeal, that defendant had a legal duty to provide safe ingress to
and egress from its property.  Nor did plaintiffs cite to the
district court the non-Puerto Rico cases on which they now rely --
or, for that matter, any authority at all (plaintiffs did cross-
reference the court to an unadorned list of general Puerto Rico
tort cases contained in their proposed pretrial order, none of
which set forth plaintiffs' current argument).  Although in
hindsight a few of plaintiffs' assertions about why the road was
allegedly unsafe may seem to support a safe access argument,
plaintiffs never put that argument forward except perhaps in "the
most skeletal way."  United States v. Cardoza, 129 F.3d 6, 19 (1st
Cir. 1997) (internal quotation marks omitted).  The clear thrust of
plaintiffs' opposition was the flawed contention that defendant had
the burden to prove that it was not responsible for the
construction, maintenance, and lighting of the road.  Defendant
obviously interpreted plaintiffs' arguments in just this fashion,
filing a proposed reply that asserted that plaintiffs based their
"entire theory of liability in this case on the question of who had
. . . custody and control" over the road and that plaintiffs had a
responsibility to come forward with some evidence on that theory.  
    The district court accordingly ruled on the only theory
that had been clearly presented:  that defendant's liability
stemmed from its alleged ownership and maintenance of the road.  
The court's ruling on this theory was plainly correct, and
plaintiffs do not contest it.  See generally Morris v. Government
Dev. Bank, 27 F.3d 746, 748 (1st Cir. 1994); Medina-Munoz v. R.J.
Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990).  If plaintiffs
believed that they had put before the district court a different
theory of duty that the court had somehow mistakenly failed to
address, the most natural course would have been to move for
reconsideration.  See Grenier, 70 F.3d at 678; cf. Jackson v.
United States, 156 F.3d 230, 234 (1st Cir. 1998); VanHaaren v.
State Farm Mut. Auto. Ins. Co., 989 F.2d 1, 4-5 (1st Cir. 1993).  
Such a motion was never filed.
    Sometimes, rarely, parties are saved from the
consequences of their waiver.  See Slade, 980 F.2d at 31
("[A]ppellate courts retain the power to dispense with the raise-
or-waive rule in order to avoid a gross miscarriage of justice.  
However, this power should be exercised sparingly.  It is reserved
for exceptional cases in which the previously omitted ground is so
compelling as virtually to insure appellant's success."  (citations
and internal quotation marks omitted)); see also United States v.
La Guardia, 902 F.2d 1010, 1013 (1st Cir. 1990); United States v.
Krynicki, 689 F.2d 289, 291-92 (1st Cir. 1982).  Whether Puerto
Rico law accepts plaintiffs' new theory may be an open question;
our review of the cases suggests that none has flatly done so to
date.  That numerous state jurisdictions have done so, see, e.g.,
Goger, Annotation, Liability of Operator of Business Premises to
Patron Injured By Condition of Adjacent Property, 39 A.L.R.3d 579
(1972 & Supp. 1998) (collecting cases), may lead Puerto Rico to do
so as well, see Guevara v. Dorsey Lab., Div. of Sandoz, Inc., 845
F.2d 364, 366 (1st Cir. 1988) ("The Supreme Court of Puerto Rico
has made clear that the common law of the United States is not
controlling, when filling gaps in the civil law system.  At the
same time, however, when faced with a lack of authority, it may be
appropriate to search for relevant principles in the common law."  
(citation omitted)).  But we cannot say that plaintiffs have
demonstrated that the issue is "so compelling as virtually to
insure [their] success" and therefore cannot find that there would
plainly be a miscarriage of justice unless we reached the issue.
    The judgment of the district court is therefore affirmed.  
Costs to defendant.

</body>

</html>