**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert Daniel BIGLER,
Defendant-Appellant.**

**No. 86–1204.**

United States Court of Appeals,
Fifth Circuit.

May 15, 1987.

Brantley Pringle (Court appointed counsel) Fort Worth, Tex., for defendant-appellant.

Jimmy L. Tallant, Asst. U.S. Atty., Marvin Collins, U.S. Atty., Fort Worth, Tex., Patty Merkamp Stemler, Atty., Appellate Sect., Crim. Div., Dept. of Justice, Washington, D.C., for U.S.

## ON PETITION FOR REHEARING

(Opinion February 12, 1987, 5th Cir.1987, 810 F.2d 1317)

Before RUBIN, JOHNSON and JONES, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Although it failed to raise the issue before either the district court or this court on appeal, the government contends in its petition for rehearing that this court should have excluded, *sua sponte*, ten additional days from the time applied to the 70–day time limit set by the Speedy Trial Act because, in order for Bigler to appear before the U.S. Magistrate in Fort Worth, Texas (N.D.Tex), it was necessary to transport him from a state prison in Huntsville (S.D. Tex).[1] Exclusion of these additional days, it is argued, would have reduced the number of nonexcludable days to 69, one day short of the limit. For the reasons set forth below, we adhere to our original opinion.

This court has repeatedly ruled that it will not consider issues that were not raised before the trial court,[2] and, *a fortiori*, that it will not consider issues that are not raised by the litigants on appeal[3] except when they undermine the court's jurisdiction.[4] While recognizing the general applicability of this rule, the government, citing *United States v. Krynicki*,[5] contends that its failure to raise the issue was inadvertent and the consequence of its oversight constitutes such an exceptional circumstance that we should now consider the issue and rule in its favor. In *Krynicki*, a case in which the government advanced a defense to its alleged failure to comply with the Speedy Trial Act on appeal that it had not advanced below, the First Circuit considered the belatedly urged argument because (1) the issue presented a purely legal question; (2) it did not require further development of the facts; and (3) a miscarriage of justice would occur if the charges against a criminal defendant were dismissed when, in fact, the Speedy Trial Act had not been violated.

We do not find the rationale of *Krynicki* persuasive in the present context. In *Krynicki* the government briefed its new theory on appeal, the defendant was given the opportunity to challenge the government's legal position, and the court heard argument on the issue at the time the case was heard. None of these events occurred in this case. Moreover, no miscarriage of justice will necessarily occur in this case by virtue of the dismissal of the indictment. The question whether dismissal of the indictment should be without prejudice will be ruled on in the district court. That court can and should weigh every consideration for and against dismissal with prejudice. The government's failure to raise the transportation-delay issue before us may be weighed in the same manner as its failure to insure trial before the 71st nonexcludable day. A greater injustice would occur if we were to create an argument for the government and then use it to deny Bigler relief without affording him an op-

---

1. 18 U.S.C. § 3161(h)(1)(H).

2. *See, e.g., Singleton v. Wulff,* 428 U.S. 106, 120–21, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976); *United States v. Allegheny-Ludlum Indus., Inc.,* 517 F.2d 826, 840 n. 13 (5th Cir.1975), *cert. denied,* 425 U.S. 944, 96 S.Ct. 1684, 48 L.Ed.2d 187 (1976); *Zimmer v. McKeithen,* 485 F.2d 1297, 1307 (5th Cir.1973), *aff'd sub nom East Carroll Parish School Bd. v. Marshall,* 424 U.S. 636, 96 S.Ct. 1083, 47 L.Ed.2d 296 (1976).

3. *See, e.g., Zuccarello v. Exxon Corp.,* 756 F.2d 402, 407–08 (5th Cir.1985); *Domed Stadium Hotel, Inc. v. Holiday Inns, Inc.,* 732 F.2d 480, 488 n. 7 (5th Cir.1984); *McGruder v. Necaise,* 733 F.2d 1146, 1148 (5th Cir.1984).

4. *See, e.g., Davis v. Blackburn,* 803 F.2d 1371, 1372 (5th Cir.1986); *State of Ala. v. Woody,* 473 F.2d 10, 12–14 (5th Cir.1973); *21 Turtle Creek Square, Ltd. v. N.Y. State Teachers' Retirement Sys.,* 404 F.2d 31, 32 (5th Cir.1968).

5. 689 F.2d 289, 292 (1st Cir.1982).

portunity to challenge the basis of our holding.

The government also contends in its petition for rehearing that the period during which Bigler's pretrial Speedy Trial motion was pending is excludable. We noted in our original opinion that it is unclear whether that time is properly excludable in view of the fact that the motion had absolutely no effect on the trial date, which was set before the motion was filed. Because, however, we held that Bigler's trial date was too late even if those days were excluded, we chose to pretermit a decision on that issue and assumed, for purposes of our analysis, that the time could be excluded. The government in effect is not content with our refusal to decide the issue but urges us to support its position.

Again bringing new matters to our attention for the first time in its application for rehearing, the government refers to cases not previously cited to us and not discovered by us. On this basis it now seeks reconsideration of that part of the opinion suggesting that the pretrial-motion exclusion, 18 U.S.C. § 3161(h)(1)(F), may not be "automatically" applied regardless of whether the filing and consideration of the motion had *any* bearing whatever on the trial date or caused any delay in trial. Several of the cases the government has cited do conclude that any time a pretrial motion is pending is automatically excluded without regard to whether the motion had—or could have had—any effect on the actual trial date.[6] The holding of these cases, however, is significantly broader than the result dictated by *Henderson v. United States*[7] and *United States v. Horton*.[8] *Henderson* and *Horton* discussed the narrower issue of whether exclusion is "automatic" in the sense that it applies without the requirement that the government prove that all of the resulting delay was reasonable—i.e., delay is excludable without a vigorous inquiry into whether all of it is really neces-

sary and, therefore, really "caused by" the motion. Because, in order to decide this case, we need not determine whether to follow the lead of the Second Circuit and extend the rationale of *Henderson* and *Horton* to cases in which a pretrial motion patently has caused no delay in trial, we adhere to our previous decision to reserve judgment on that question until it is directly presented.

The final issue raised by the government concerns our determination that Bigler's appearance with Pringle on February 3 was a "first appearance with counsel" within the meaning of the statute. Our holding that Bigler's appearance with Pringle on February 3 was a "first appearance with counsel" does not imply that Bigler would be automatically entitled to a second thirty-day period if his attorney were to withdraw or be removed from the case. The government owes indigent defendants an affirmative duty both to insure that they are tried within the time limits of the statute and that they are provided counsel to represent them in preparation for trial at least thirty days before trial is scheduled. If, for any reason after the government has provided such counsel in a timely fashion, an indigent defendant needs additional time to prepare for trial, his recourse, like that of any other defendant, is to seek a continuance under § 3161(h)(8).

For these reasons the application for rehearing is DENIED.

EDITH H. JONES, Circuit Judge, dissenting from Denial of Panel Rehearing:

I have dissented once and with due respect to my colleagues must do so again, as the issues on rehearing have changed.

First, I disapprove the majority's rejection of the standard set forth in *United States v. Krynicki*, 689 F.2d 289 (1st Cir. 1982) for considering the applicability of 18 U.S.C. § 3161(h)(1)(H), which would bring

---

**6.** *See, e.g., United States v. Cobb,* 697 F.2d 38, 40–42 (2d Cir.1982). *Accord United States v. Von Brandy,* 726 F.2d 548, 550–51 (9th Cir. 1984); *United States v. Stafford,* 697 F.2d 1368, 1371 (11th Cir.1983); *United States v. Brim,* 630 F.2d 1307, 1312–13 (8th Cir.1980).

**7.** —— U.S. ——, 106 S.Ct. 1871, 90 L.Ed.2d 299 (1986).

**8.** 705 F.2d 1414, 1415 (5th Cir.), *cert. denied,* 464 U.S. 997, 104 S.Ct. 496, 78 L.Ed.2d 689 (1983).

Bigler's trial within the 70–day limit of the Speedy Trial Act. *Krynicki* follows the usual appellate [1] rule and holds that a purely legal issue pertaining to the Speedy Trial Act, not raised in the district court but dispositive of the case, may be considered on appeal. Declining to consider the issue would, in the First Circuit's and in my view, result in a miscarriage of justice. Bigler, an admitted serial bank robber, may go free although he was timely tried. My colleagues suggest *Krynicki* is unpersuasive because Bigler has had no opportunity to brief the 10–day travel time exclusion. They could have, as we often do, afforded him the opportunity to file a responsive brief to the government's petition for rehearing. But what good would it do? The statute explicitly allows the 10–day exclusion. 18 U.S.C. § 3161(h)(1)(H). There is no factual dispute. Bigler's briefing could not change the law.

Second, I disagree with the majority's reading of *Henderson v. United States,* — U.S. ——, 106 S.Ct. 1871, 90 L.Ed.2d 299 (1986), and our precedent in *United States v. Horton,* 705 F.2d 1414 (5th Cir. 1983), cert. denied, 464 U.S. 997, 104 S.Ct. 496, 78 L.Ed.2d 689 (1983). The Sixth Circuit recently properly interpreted *United States v. Henderson* to require automatic exclusion of "[a]ll of the time from the filing of appellant's pretrial motions until the hearing thereon...." *United States v. Keefer,* 799 F.2d 1115, 1122 (6th Cir.1986). Horton held squarely that § 3161(h)(1)(F) "places no rigid time strictures on [pretrial motion] practice whatever, and only the shadow of an implied one." *Horton,* 705 F.2d at 1416. In so doing, it overruled the contention that anything less than egregious circumstances, such as deliberate refusal to schedule a hearing on a pretrial motion with intent to evade the Speedy

Trial Act limits, would violate Subsection F. We are therefore bound, in my view, by both the Supreme Court and our prior controlling authority to exclude the period between the filing of Bigler's pretrial motions [2] and their consideration by the trial court. Five circuit courts, cited by the majority, would agree. My disagreement with the majority does not change the outcome of this case but is significant lest the "open issue" perceived by the majority supply false hope to future criminal appellants.

discretionary quality of this Court's decision is the fact that we may raise, sua sponte, an issue of exhaustion in a habeas corpus case. *McGee v. Estelle,* 722 F.2d 1206, 1214 (5th Cir.1984) (en banc).

---

**1.** *Singleton v. Wulff,* 428 U.S. 106, 121, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976), (an appellate court is justified in resolving an issue not passed on below where the proper resolution is beyond any doubt or injustice might otherwise result); *United States v. Parker,* 722 F.2d 179, 183 n. 2 (5th Cir.1983); *See generally* Davis & Childress, *Standards of Review in Criminal Appeals: Fifth Circuit Illustration and Analysis,* 60 Tul.L.Rev. 461, 470–71 (1980). Further emphasizing the

**2.** Bigler filed motions to dismiss under the Speedy Trial Act and for violation of his double jeopardy rights.