665 So.2d 5 (1995)
Cheryl D. TAYLOR
v.
HANCOCK BANK OF LOUISIANA.
No. CA 95 0666.
Court of Appeal of Louisiana, First Circuit.
November 9, 1995.
*6 Sumpter B. Davis, III, Baton Rouge, for Plaintiff-Appellant Cheryl D. Taylor.
E. Clark Gaudin, Baton Rouge, for Defendant-Appellee Hancock Bank of Louisiana.
Before LeBLANC, WHIPPLE and FOGG, JJ.
WHIPPLE, Judge.
This is an appeal by plaintiff, Cheryl D. Taylor, from a judgment in favor of defendant, Hancock Bank of Louisiana (Hancock Bank), dismissing plaintiff's petition for damages for wrongful seizure and sale of her automobile. For the reasons which follow, we affirm.

FACTS AND PROCEDURAL HISTORY
On September 8, 1989, plaintiff executed a promissory note in the amount of $10,842.41, payable to the order of Bearer at American Bank and Trust Company.[1] The note was secured by a chattel mortgage on a 1989 Ford Tempo automobile. On February 16, 1994, Hancock Bank filed a "Petition To Enforce Mortgage On Movable Property By Executory Process Without Notice To Pay." A writ of seizure and sale issued and plaintiff's automobile was seized from her place of employment on March 7, 1994. The automobile was sold at sheriff's sale on April 20, 1994. The basis of the seizure and sale was that plaintiff owed the following amounts, secured by the chattel mortgage: (1) Single interest insurance premiums obtained by Hancock Bank, due to plaintiff's failure to obtain appropriate insurance on the automobile pursuant to the chattel mortgage agreement, in the amount of $1,231.00; (2) interest on the insurance premiums, in the amount of $566.13; (3) interest owed on untimely paid monthly installments, in the amount of $288.08; and (4) a late charge, in the amount of $15.00.
On August 17, 1994, plaintiff filed the instant lawsuit against Hancock Bank seeking damages for the wrongful seizure and sale of her automobile. Hancock Bank answered and filed a motion for summary judgment or alternatively, a peremptory exception pleading *7 the objection of no cause of action.[2] Trial was held on January 28, 1994. Plaintiff contended at trial that the seizure and sale was wrongful because at all times, she had maintained appropriate insurance coverage on the automobile as required by the parties' agreement and had paid the note in full. Defendant contended that even if plaintiff did maintain insurance coverage on the vehicle, she failed to provide adequate proof of coverage, despite strenuous efforts by Hancock Bank to have her do so. Defendant argued that it was justified in charging plaintiff's account for the insurance which it had obtained. Defendant further argued that when plaintiff failed to pay the outstanding amounts owed on the loan, it was justified in having plaintiff's automobile seized and sold to satisfy the amounts due under the promissory note and chattel mortgage.[3]
Following trial, judgment was rendered in favor of Hancock Bank, dismissing plaintiff's petition for wrongful seizure and sale.

DISCUSSION
The only issue before this court is whether the trial court erred in dismissing plaintiff's suit, filed pursuant to LSA-C.C. art. 2315, seeking damages for wrongful seizure and sale. In dismissing the petition, the trial court stated:
What really concerns this Court is all of these cancellations. Apparently there were numerous cancellations for non-payment of premiums, with the reinstatement, and there was also cancellation or dropping it when they changedthe companies went into receivership and so forth. The burden is on the plaintiff to see to it that this insurance is furnished to the bank. If the insurance company did not do it, it was certainly her burden. Also as in this case, the burden is on the plaintiff.... In this particular case, I think the preponderance of evidence is overwhelming in favor of the defendant.... I don't think that the plaintiff has good grounds ... for a judgment. I'm going to dismiss the suit.
Damages for wrongful seizure and sale are allowed after an illegal seizure. This award can include damages in compensation for embarrassment, humiliation, mental anguish and worry. Moore v. Louisiana Bank & Trust Company, 528 So.2d 606, 614 (La. App. 2nd Cir.), writ denied, 531 So.2d 269 (La.1988). In order for plaintiff to prevail under LSA-C.C. art. 2315, she must prove the threshold requirement that the seizure was illegal or wrongful. Further, for plaintiff to recover damages, the damages must have been caused by the fault of another. There must be a duty owed by the defendant to the plaintiff, a breach of this duty and causation. LeBlanc v. Acadian Credit Plan, Inc., 478 So.2d 191, 193 (La.App. 3rd Cir. 1985), writ denied, 480 So.2d 742 (La.1986). "Fault" as used in article 2315 encompasses more than negligence. It is the breach of a duty owed by one party to another under particular facts and circumstances of a given case. LeBlanc, 478 So.2d at 193-194.
The chattel mortgage agreement between the parties provides, in pertinent part, as follows:
Vendee shall keep the properly constantly insured with dual coverage physical damage insurance protecting the property as the mortgagee's interest may appear for the duration of the mortgage in a company acceptable to the mortgagee. If vendee fails to keep the property so insured, the mortgagee may, but shall not be obligated to, insure the property against fire, theft, or collision, or any of them, in such form *8 and amount (including, but not by way of limitation, insurance covering solely the interests of the mortgagee) and with such insurers as shall be satisfactory to, and to protect, the mortgagee, and vendee agrees to pay the premium therefore upon demand, and such payment shall be secured by this mortgage.
Plaintiff testified at trial that at all times, she maintained insurance coverage on her vehicle, as required by the contract. However, after she made the final installment payment on the loan, she received a handwritten note from a representative of Hancock Bank, stating that various amounts still owed and were "due NOW" so that she could obtain title to her vehicle. The handwritten note specified that plaintiff owed outstanding amounts, including $2,320.22 in insurance premiums.
In response, plaintiff contacted Hancock Bank, stating that she did not have a balance due on her account and requested a statement showing what insurance premiums had been paid on her behalf. Defendant responded, by letter dated December 2, 1993, stating that the remaining balance represented premiums for "TBA Single Interest Insurance force placed on [the] loan" and added to her account, covering March 19, 1990 through February 16, 1993. The letter demanded that within ten days, plaintiff provide proof of insurance coverage for that period or pay the amounts claimed by defendant as due.
On December 9, 1993, plaintiff provided proof of coverage, in the form of policy declaration pages, for the following periods: September 8, 1989 through September 8, 1990; January 9, 1991 through January 9, 1992; and February 14, 1992 through February 14, 1993. Noting the lapse in proof for the period of September 8, 1990 through January 9, 1991, plaintiff merely stated that she had coverage with Certified Lloyds for that period, without providing further proof. Defendant refunded plaintiff's account for the periods for which she provided declaration pages.
However, defendant's files still indicated a lapse in coverage for the period covering September 8, 1990 through January 9, 1991.[4] Mr. Charles McAdams testified on behalf of Hancock Bank and stated that he attempted to verify insurance coverage for that period, but was unable to do so. Mr. McAdams testified that the only "proof" provided by plaintiff was a letter from an attorney which merely stated that plaintiff had obtained liability coverage on September 9, 1990. In response, plaintiff testified that she had liability, comprehensive collision and uninsured motorist coverage with Certified Lloyds during the period in question. As proof of this coverage, plaintiff introduced into evidence the application and binder. Plaintiff testified that she received a copy of the application when she took out the policy on September 8, 1990. However, when questioned by the court, plaintiff stated that she never received an actual policy from Certified Lloyds or a declaration page. Thus, plaintiff admitted that she did not personally provide defendant with a copy of the actual policy or a declaration page, as she could not recall ever receiving that information.
Based on this evidence, the court concluded that plaintiff had failed to prove that she provided defendant with proof of insurance coverage for the period of September 8, 1990 through January 1, 1991. Thus, the court found that defendant was justified in securing insurance coverage and charging plaintiff's account for the coverage, under the terms of the agreement between the parties.
After reviewing the entire record in these proceedings, we find no error in the trial court's conclusion that the seizure and sale of plaintiff's vehicle was not illegal or wrongful. We likewise find no breach on the part of Hancock Bank of any duty owed to plaintiff. The record reveals that Hancock Bank took all steps within its power to obtain the necessary proof of insurance coverage and, in the absence thereof, payment from plaintiff before seizing and selling her vehicle. Hancock Bank proceeded as authorized under the *9 terms of the promissory note and chattel mortgage. Therefore, we find no error in the trial court's conclusion that the seizure was not wrongful and that plaintiff is not entitled to an award of damages from Hancock Bank.
Accordingly, we affirm the judgment of the trial court dismissing the suit filed by plaintiff, Cheryl D. Taylor, against defendant, Hancock Bank of Louisiana. Costs of this appeal are assessed against plaintiff.
AFFIRMED.
NOTES
[1] American Bank and Trust Company was subsequently acquired by Hancock Bank. Thus, Hancock Bank became the holder of the note and also the defendant in these proceedings.
[2] Defendant asserted in the motion, or alternatively the peremptory exception, that plaintiff had waived or abandoned the defense of full payment of the note because she failed to contest the order of seizure and sale by injunction proceedings or by suspensive appeal therefrom, citing LSA-C.C.P. art. 2642. However, a hearing was never held on this motion and the record does not contain a judgment disposing of this pleading. Moreover, defendant did not appeal or answer the appeal to assert error in the trial court's inferential denial of the motion or exception (because trial on plaintiff's petition proceeded) or failure to address the merits thereof. Accordingly, we decline to address the issue of whether plaintiff waived or abandoned the defense of payment as this issue is not properly before this court for review.
[3] Plaintiff apparently does not dispute the fact that she made several of the monthly installment payments in an untimely fashion and thus owed additional interest and at least one late charge.
[4] Plaintiff attempted to establish that defendant had notice of coverage provided by Certified Lloyds because a notice of cancellation of the policy for non-payment of premiums was mailed on September 25, 1990. However, plaintiff never established that anyone received this notice on behalf of Hancock Bank.