# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 29, 2020

Lyle W. Cayce
Clerk

No. 20-40440
Summary Calendar

BIMAL K. BANIK,

*Plaintiff—Appellant*,

KATIE PEARSON KLEIN; WILLIAM D. MOUNT, JR.; ELIZABETH F. TURCO; DALE & KLEIN, L.L.P.,

*Appellants*,

*versus*

AMANDA YBARRA,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:16-CV-462

Before HAYNES, WILLETT, and HO, *Circuit Judges*.

PER CURIAM:*

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

This appeal follows a district court's order on remand as to the parties' joint motion for relief from judgment. *See Banik v. Ybarra*, 805 F. App'x 266, 268–69 (5th Cir. 2020). In *Banik*, a panel of our court noted that Federal Rule of Civil Procedure 60(b)(5) provided district courts the authority to grant relief based on postjudgment settlements under "exceptional circumstances." *Id.* (quoting *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 29 (1994)). Because the district court had not recognized this authority, the panel vacated the district court's order denying relief on the monetary portions of the judgment and remanded to the district court to consider whether exceptional circumstances warranted vacatur of those portions of the judgment. *Banik*, 805 F. App'x at 268–69. On remand, the parties did not move to supplement their joint motion for relief, which did not assert that exceptional circumstances warranted relief. Thus, the district court denied the parties' motion because the parties failed to establish any "exceptional circumstances" warranting relief. Appellants timely appealed. Now, for the first time on appeal, appellants argue that an exceptional circumstance—a change in the law—warrants relief.

We reverse a district court's Rule 60(b) decision only for abuse of discretion. *Edwards v. City of Hous.*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc). The party seeking relief bears the burden of showing that Rule 60(b) applies. *Frew v. Janek*, 780 F.3d 320, 327 (5th Cir. 2015).

In that regard, we have previously held that when the party seeking relief "d[oes] not offer any explanation" warranting relief, a "district court d[oes] not abuse its discretion in denying the [Rule 60(b)] motion." *See Edwards*, 78 F.3d at 995; *see also Goldstein v. MCI WorldCom*, 340 F.3d 238, 258–59 (5th Cir. 2003) (affirming the denial of a Rule 60(b)(2) motion because the movant did not explain how newly-discovered evidence was relevant and did not demonstrate how it would have resulted in different allegations in the complaint). We hold the same here. Appellants did not

No. 20-40440

explain to the district court what exceptional circumstances, if any, warranted relief from the monetary portions of the judgment. Therefore, the district court did not abuse its discretion in denying the Rule 60(b) motion.[1] Accordingly, we AFFIRM.[2]

---

[1] Even assuming arguendo that the appellants raised the change-in-law argument in district court, the district court did not abuse its discretion in denying relief, as we have expressly held that "[a] change in decisional law after entry of judgment does not constitute exceptional circumstances and is not alone grounds for relief from a final judgment." *Bailey v. Ryan Stevedoring Co.*, 894 F.2d 157, 160 (5th Cir. 1990).

[2] We reject the appellants' argument that vacatur is appropriate because the judgment became moot by "happenstance." To the extent that this argument is jurisdictional and may be raised for the first time on appeal, *see Brinsdon v. McAllen Indep. Sch. Dist.*, 863 F.3d 338, 345 (5th Cir. 2017), we reject it because the appellants caused the mootness by settling, *U.S. Bancorp*, 513 U.S. at 25 ("Where mootness results from settlement, . . . the losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal or certiorari, thereby surrendering his claim to the equitable remedy of vacatur."). As to any non-jurisdictional aspect of appellants' mootness argument, we decline to address it for failure to raise the issue below. *United States v. Bigler*, 817 F.2d 1139, 1140 (5th Cir. 1987).