# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 2, 2021

Lyle W. Cayce
Clerk

No. 20-20263

Skyler Thomas Rice,

*Plaintiff—Appellant*,

v.

Ed Gonzalez, Sheriff of Harris County,

*Defendant—Appellee.*

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-1354

Before Jones, Smith, and Elrod, *Circuit Judges.*

Edith H. Jones, *Circuit Judge*:

Appellant Rice, a detainee in the Harris County, Texas, jail awaiting trial, filed what he described as a petition for writ of habeas corpus seeking release from pretrial custody because, he contended, no conditions at the jail were sufficient to protect his constitutional rights in the midst of the COVID-19 crisis. Some confusion ensued when his petition and a separate memorandum in support of either "a writ of habeas corpus or an injunction" were mishandled in the clerk's office. Ultimately, the district court denied relief regardless whether the petition was brought under federal habeas law, 28 U.S.C. § 2241, or civil rights law, 42 U.S.C. § 1983. Rice has appealed, insisting that his petition sounds in habeas. He contends that he should be

1

released from custody because, given health problems including asthma and hypertension, he is at a high risk for contracting the virus, yet jail conditions make it exceedingly difficult, if not impossible, to practice proper hygiene and social distancing.[1]

We affirm the denial of relief on the following basis. We construe Rice's petition, at his behest, as seeking habeas relief, and thus have jurisdiction over the case. But we also conclude that the Great Writ does not, in this circuit, afford release for prisoners held in state custody due to adverse conditions of confinement. Rice has not stated a claim for relief. Fed. R. Civ. P. 12(b)(6).

In *Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976), this court held that, "[s]imply stated, habeas is not available to review questions unrelated to the cause of detention. Its sole function is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *See generally Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841 (1973) ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). As we noted in *Carson v. Johnson*, "[i]f 'a favorable determination . . . would not automatically entitle [the prisoner] to accelerated release,' . . . the proper vehicle is a § 1983 suit." 112 F.3d 818, 820-21 (5th Cir. 1997) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam)). Both *Carson* and *Orellana* dealt with parole procedures that, if modified by the courts, would enhance a prisoner's eligibility for release but not compel that result. Similarly, that Rice might more likely be exposed to COVID-19 during

---

[1] In fact, a few months after filing this petition, Rice contracted COVID-19, and he survived.

No. 20-20263

confinement, and that he may have certain common underlying health conditions, taken together do not impugn the underlying legal basis for the fact or duration of his confinement.  Rice seeks an extension of federal habeas corpus law that this court is not authorized to grant.[2]  AFFIRMED.

---

[2] At least one other circuit court has held in a published opinion that Section 2241 provides jurisdiction and potential relief for federal prisoners to seek COVID-related release from custody.  *Wilson v. Williams*, 961 F.3d 829, 837-39 (6th Cir. 2020).  But this circuit's precedential, published case law is otherwise.  In any event, COVID-19 relief claims in this circuit have been handled pursuant to 42 U.S.C. § 1983.  *Valentine v. Collier*, 956 F.3d 797 (5th Cir. 2020) (*Valentine* I); *Valentine v. Collier,* 978 F.3d 154 (5th Cir. 2020) (*Valentine* II); *Marlowe v. LeBlanc*, 810 Fed. App'x 302 (5th Cir. 2020).