# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 10, 2022

Lyle W. Cayce
Clerk

No. 20-30670
CONSOLIDATED WITH
No. 21-30060

DARRELL BERRY; CONSTANCE LAFAYETTE,

*Plaintiffs—Appellants*,

*versus*

WELLS FARGO BANK, N.A.; FEDERAL HOME LOAN MORTGAGE
CORPORATION, "FREDDIE MAC" AS TRUSTEE FOR SECURITIZED
TRUST; LOANCITY; FREDDIE MAC MULTICLASS CERTIFICATES
SERIES 3113 TRUST; MORTGAGE ELECTRONIC REGISTRATION
SYSTEM, "MERS"; DOES 1-100, "INCLUSIVE"; JOHN DOE 1; JOHN
DOE 2, SPONSOR OF THE FREDDIE MAC MULTICLASS
CERTIFICATES, SERIES 3113 TRUST,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:18-CV-888

Before SOUTHWICK, HAYNES, and HIGGINSON, *Circuit Judges*.

Per Curiam:*

Proceeding pro se, Appellants Darrell Berry and Constance Lafayette appeal the district court's dismissal of their various claims against Appellees Wells Fargo Bank, N.A. ("Wells Fargo") and Federal Home Loan Mortgage Corporation, Freddie Mac Multiclass Certificates Series 3113, and Mortgage Electronic Registration System (collectively, "Freddie Mac Defendants"). For the following reasons, we AFFIRM.

## I.    Factual and Procedural Background

Appellants filed suit in Louisiana state court against LoanCity, Wells Fargo, Federal Home Loan Mortgage Corporation ("Freddie Mac"), Freddie Mac Multiclass Certificates Series 3113, Mortgage Electronic Registration System ("MERS"), and John Does 1–100. Appellants' original petition asserted eight claims: (1) lack of standing/wrongful foreclosure; (2) unconscionable contract; (3) breach of contract against LoanCity and MERS; (4) breach of fiduciary duty; (5) quiet title; (6) slander of title; (7) injunctive relief; and (8) declaratory relief. Defendants–Appellees jointly removed the case to federal court.

Appellants' claims arose after Berry and Lafayette executed a promissory note for a home in Baton Rouge, Louisiana, in 2005, secured by a mortgage in the amount of $184,000. According to Appellants' original petition, the "Original Lender" of the note and mortgage was LoanCity, and MERS served as nominee. Appellants asserted that the promissory note was "sold, transferred, assigned and securitized into the Freddie Mac Multiclass Certificates, Series 3113 with an issue date of February 27, 2006." Following that assignment, "MERS failed to record any Assignment of Deed of Trust in the Parish of East Baton Rouge Recorder's Office." MERS then

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-30670
c/w No. 21-30060

"attempt[ed] to assign" the mortgage to Wells Fargo on November 13, 2012. Appellants accordingly asserted that none of the Defendants–Appellees "perfect[ed] any security interest in the Real Property"; thus, they lacked a valid interest in the property and had no "power of sale" or "power to foreclose."

Wells Fargo and the Freddie Mac Defendants moved to dismiss Appellants' original petition for failure to state a claim, and the district court granted both motions. Appellants filed motions to reconsider the dismissal of their claims. Concluding that Appellants potentially raised new issues, the district court granted the motions for reconsideration and granted leave for Appellants to file an amended petition.

Appellants asserted the same eight claims against Defendants–Appellees in their amended petition. Though the amended petition was largely duplicative of the original, Appellants elaborated on their claims and asserted two new allegations: that (1) Wells Fargo falsely told the district court that it had not foreclosed on the relevant property; and (2) the mortgage note had been cancelled, making the note an absolute nullity and any subsequent conveyance fraudulent. Defendants-Appellees again moved to dismiss. Concluding that, despite their "second bite of the apple," Appellants were still unable to assert cognizable claims against Defendants–Appellees, so the district court dismissed Appellants' amended petition. Appellants filed a motion to vacate the judgment, which the district court denied. Appellants timely appealed both the district court's dismissal of the original petition and the amended petition. We now consider the consolidated appeals.

## II.    Standard of Review

We review a district court's grant of a Rule 12(b)(6) motion to dismiss de novo. *Hammer v. Equifax Info. Servs., L.L.C.*, 974 F.3d 564, 567 (5th Cir.

3

No. 20-30670
c/w No. 21-30060

2020). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). We "accept as true all of the allegations contained in a complaint," but that principal does not apply to legal conclusions or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.*

## III.   Discussion

Appellants advance eighteen issues on appeal. We recognize Appellants' pro se status, and thus construe their filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). We note, however, that pro se litigants are not "exempt . . . from compliance with relevant rules of procedural and substantive law." *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981) (per curiam). With this in mind, we discuss Appellants' jurisdictional, procedural, and merits arguments, in turn.[1]

### A. Subject Matter Jurisdiction

Appellants assert multiple arguments challenging jurisdiction. We find these arguments unconvincing and conclude that federal court jurisdiction is proper. Appellants first argue that Defendants-Appellees

---

[1] The Freddie Mac Defendants assert that Appellants waived many of the issues on appeal by failing to present them to the district court. However, Appellants raised most of these issues in their motion to vacate the district court judgment. Construing Appellants' briefing liberally and acknowledging that at least some "[i]ssues may be raised for the first time in post-judgment motions," *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 n.4 (5th Cir. 1996), we conclude that waiver has not been proven. That said, Appellants' opening brief fails to specifically address how the district court erred in dismissing many of their claims (including breach of contract, unconscionable contract, and their claims for injunctive and declaratory relief). These claims are thus forfeited on appeal. *See Jefferson Cmty. Health Care Ctrs., Inc. v. Jefferson Par. Gov't*, 849 F.3d 615, 626 (5th Cir. 2017).

No. 20-30670
c/w No. 21-30060

improperly removed the case to federal court because the district court lacked subject matter jurisdiction. We disagree; removal was proper here. Wells Fargo removed this case based on diversity jurisdiction, and all requirements for diversity jurisdiction were met. *See* 28 U.S.C. § 1332(a)(1). Moreover, the district court had federal question jurisdiction because Freddie Mac is statutorily authorized to remove any case to which it is a party under 12 U.S.C. § 1452(f).[2] *See also* 28 U.S.C. § 1442(a).

Second, Appellants urge that *Younger* abstention prevented the district court from hearing the case. According to Appellants, *Younger* abstention applies because they filed this action in state court to reverse a foreclosure judgment issued in a separate state court proceeding.[3] Thus, per Appellants, removal of this action impermissibly interfered with state court action. But *Younger* abstention is inapplicable in this civil case because there is no relevant ongoing state action. The state court proceeding where the foreclosure judgment was rendered is no longer pending; and this action was removed entirely to federal court. *See Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992) ("Absent any *pending* proceeding in state tribunals," applying "*Younger* abstention was clearly erroneous."); *see also Village of DePue v. Exxon Mobile Corp.*, 537 F.3d 775, 783 (7th Cir. 2008) ("Removal under 28

---

[2] In their reply, Appellants argue that Defendants-Appellees cannot assert federal question jurisdiction because: (1) "they did not check [the] Federal Question" box on the civil cover sheet submitted with their notice of removal, and (2) "Freddie Mac is not a federal agency." These arguments are unavailing. As to the first, of course, "a federal court always has jurisdiction to determine its own jurisdiction," so whatever was indicated on the civil cover sheet is irrelevant. *United States v. Ruiz*, 536 U.S. 622, 628 (2002). As to the second, the Supreme Court has made it clear that Freddie Mac is an agency authorized to remove under 12 U.S.C. § 1452(c) and (f). *Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553, 564 (2017). Therefore, the district court has jurisdiction over cases removed by Freddie Mac, independent of any federal question.

[3] Notably, this state court foreclosure judgment is not in the record on appeal and is only referenced as "Petition's Order" in a screen shot of the state court docket.

No. 20-30670
c/w No. 21-30060

U.S.C. § 1441 simply does not leave behind a pending state proceeding that would permit *Younger* abstention.").

Appellants' third argument—that the *Rooker-Feldman* doctrine precludes federal court jurisdiction—also fails. *Rooker-Feldman* bars a federal district court from modifying or reversing a state court judgment. *Union Planters Bank Nat. Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004). Appellants assert that *Rooker-Feldman* applies because this action is a "wrongful foreclosure lawsuit" challenging a previously issued "foreclosure judgment" in state court. But, as the district court noted, Appellants failed to allege that Wells Fargo, or any other party, has foreclosed on their property.[4] So at this juncture, there is no foreclosure to address, rendering the claimed state court ruling inapposite and making *Rooker-Feldman* inapplicable.[5]

### i. Standing and Mootness

The district court held that Appellants lacked standing to challenge the assignment of the relevant loan. We agree. Appellants are neither a party to, nor a third-party beneficiary of, the agreement assigning the mortgage to

---

[4] Wells Fargo did initiate foreclosure proceedings in Louisiana state court. But before foreclosing on the property, Wells Fargo assigned the loan to Specialized Loan Servicing, LLC, who is not a party to this lawsuit. Additionally, as aforementioned, the "foreclosure judgment" is not in the record on appeal; and nothing in the record suggests that Appellants currently lack possession of their home. Indeed, the property's address is listed in the signature block in Appellants' briefing.

[5] Appellants argue that they were harmed because they were "forc[ed]" to file for bankruptcy to prevent foreclosure and "possible eviction from their home." Of course, Appellants could have filed for bankruptcy for a variety of reasons, and they have yet to be evicted. This alleged harm is accordingly too attenuated from the "foreclosure judgment" for *Rooker-Feldman* to apply. In any event, a "judgment" allowing (or banning) a foreclosure on a particular date is not necessarily determinative of all future proceedings regarding the mortgage as things can change (e.g., payments made or not, notices given or not, etc.).

another entity. They thus "lack the requisite standing to bring suit to enforce the terms of the [agreement] that govern the assignment of the mortgagor's note." *See Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 342 (5th Cir. 2013). Accordingly, all claims relating to the improper assignment of the loan fail for lack of standing.[6]

We also note that many of Appellants' claims against Wells Fargo are likely moot. A claim is moot when "the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Before Appellants filed their original petition, Wells Fargo assigned the loan to Specialized Loan Servicing, LLC ("SLS"). Therefore, Wells Fargo has no interest in the loan, and no ability to "wrongful[ly] foreclose" or "assert[] an unsecured claim" against the property.[7] However, as the district court noted, Appellants' original and amended petitions asserted a variety of general claims against "Defendants" without specifying which Defendant took which action. Without the ability to delineate which claims apply to

---

[6] This includes Appellants' claims regarding whether MERS properly assigned the note and mortgage from LoanCity to Wells Fargo in 2012; whether Appellees committed "[f]raud from misrepresentation or from silence"; and, to the extent this claim can be understood, whether the note is "non-negotiable" under the UCC, OCC regulations, and the doctrine of ultra vires.

[7] Appellants assert that Wells Fargo committed perjury "when they stated that they were not going to foreclose" on Appellants' property. In response, Wells Fargo noted that Appellants' perjury claim is predicated on a "Notice of Seizure" issued by the East Baton Rouge Parish Sheriff's Office over a month after Wells Fargo assigned its interest to SLS. We agree with the district court that "[i]t is reasonable that Wells Fargo, having assigned its interest in the note on Plaintiffs' property to [SLS] and, therefore, no longer having an interest in the loan, has no plans to foreclose on Plaintiffs' property," and that the "statement that [Wells Fargo] is unaware if any other entity has plans to foreclose on Plaintiffs' property also, without additional evidence, does not appear false." That is especially true considering Appellants have not alleged or indicated that SLS confirmed plans to foreclose on the property or that any foreclosure sale has occurred.

whom, we proceed with reviewing the district court's analysis and other issues raised on appeal.[8]

### B. Alleged Procedural Deficiencies

Appellants argue that the district court committed a myriad of procedural violations. None of these arguments have merit. Appellants first claim that, because LoanCity never made an appearance in the case, the district court failed to uphold its "duty to confirm unanimity was reached" and to ensure that "all parties were served at the onset of the case." But, of course, it was Appellants' duty to properly serve all named parties, and, by Appellants' own admission, they were unable to serve LoanCity because the entity "imploded." Accordingly, the district court properly dismissed LoanCity under Federal Rule of Civil Procedure 4(m). The rule of unanimity, which only applies to properly served defendants, is not implicated. *See Gillis v. Louisiana*, 294 F.3d 755, 759 (5th Cir. 2002).

Appellants next argue that this matter was improperly referred to a magistrate judge without their consent. Upon referral, the district court judge instructed the magistrate judge to prepare "a report and recommendation . . . for review" pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge issued a report and recommendation on the Freddie Mac Defendants' motion to dismiss, which, after reviewing, the district court adopted in full. Consent is not required for a district court to refer a motion to dismiss to a magistrate under § 636(b)(1)(B). *See Newsome v. EEOC*, 301

---

[8] Due to the lack of foreclosure and Appellants' apparent possession of their home, we also question the ripeness of many of Appellants' claims. To the extent that the allegations address past harm, however, we will proceed with our analysis.

F.3d 227, 230 (5th Cir. 2002) (per curiam). Thus, the referral was not improper.

Third, Appellants assert that the district court was biased towards Appellees because the Freddie Mac Defendants did not file a disclosure statement as required by Federal Rule of Civil Procedure 7.1. The Freddie Mac Defendants concede that they failed to submit a disclosure statement below. However, judicial rulings are rarely a basis for a claim of bias. *Liteky v. United States*, 510 U.S. 540, 555 (1994). In any event, the appropriate remedy for a claim of judicial bias is recusal, which Appellants never sought. Because Appellants failed to advance any argument showing "good cause why [they] did not file an affidavit requesting the trial judge to recuse himself" pursuant to 28 U.S.C. § 144, or "exceptional circumstances why we should consider [the issue] for the first time on appeal," we refuse to entertain this argument now. *Clay v. Allen*, 242 F.3d 679, 681 (5th Cir. 2001) (per curiam).

Finally,[9] Appellants urge that the district court's dismissal of their claims was "invalid." This largely nonsensical argument is predicated on the fact that, despite initially claiming LoanCity was the original lender of the note, Equifirst (an entity that is not a party to this case) was actually the original lender. According to Appellants, the Equifirst note was cancelled

---

[9] Appellants assert two additional procedural deficiencies: that (1) they were "denied the right to pursue discovery"; and (2) the district court erred by dismissing Appellants' claims "in light of Fraud Rule 60(b)(3), (4)." Appellants' argument regarding the right to discovery was not raised before the district court and is accordingly waived. *See United States v. Bigler*, 817 F.2d 1139, 1140 (5th Cir. 1987). Regarding "Fraud Rule 60(b)," Appellants quote directly from Federal Rule of Civil Procedure 60(b), so we assume arguendo that is what they refer to. Rule 60(b)(3) allows a court to set aside a final judgment for fraud, but Appellants' argument is based on improper securitization, which, as discussed below, is meritless. We conclude that all other alleged procedural violations raised in Appellants' opening brief are entirely baseless.

No. 20-30670
c/w No. 21-30060

and paid in full,[10] making the district court's order dismissing their claims "invalid" under LA. CIV. CODE ANN. art. 2033. That statute outlines the effect of a contract that "has been declared null by the court," and is entirely inapplicable here. *See id.* In any event, the Equifirst note was from 2002, while the note at issue here was from 2005, so it is irrelevant.

## C. Merits

We now turn to Appellants' remaining issues on appeal. To the extent Appellants' arguments challenge the district court's dismissal of the claims in the original and amended petitions, we agree with the district court's conclusions. To the extent Appellants raise extraneous issues on the merits, we conclude they are unavailing.

Appellants first argue that the district court erred in its conclusion that they lack a private right of action for mortgage fraud. It did not. A criminal statute must "explicitly" indicate that it is providing for a private right of action. *See Chevalier v. L.H. Bossier, Inc.*, 676 So. 2d 1072, 1076 (La. 1996), *superseded by statute*, LA. STAT. ANN § 1173, *as stated in Leon v. Diversified Concrete, LLC*, 225 F. Supp. 3d 596, 600–01 (E.D. La. 2016). Louisiana's mortgage fraud statute does not authorize such relief. *See* LA. STAT. ANN § 14:71.3.

Appellants also argue that the district court erred "because a faulty securitization process opens homeowners to false claims of enforcement of a

---

[10] Appellants attempted to attach an "Affidavit of Lost Note and Authorization to Cancel Mortgage" to its amended petition to support this notion, but it was properly stricken from the record as untimely filed. Assuming arguendo that this document was properly submitted elsewhere in Appellants' pleadings, it does not support Appellants' assertion. Though the document states that a note and mortgage was paid in full, it seemingly refers to a different note than the one at issue here. The note referenced in the affidavit was issued in 2002 for an amount of $176,310; whereas the note at issue in the original petition was executed in 2005 for an amount of $184,000.

No. 20-30670
c/w No. 21-30060

note." Per Appellants, the improper securitization eliminates all Appellees' interest in the note and property. Because "Appellees initiated action to take Appellants' home in 2018, and have set the conditions for successors to try and do the same," Appellants assert that they are entitled to quiet title "[t]o prevent a similar future traumatic event." The district court aptly concluded that the faulty securitization argument has been "resoundingly rejected by federal courts across the country." *Berry v. LoanCity*, No. 18-888-JWD-RLB, 2019 WL 2870849, at *5 (M.D. La. July 3, 2019) (holding the theory that improper securitization renders a subsequent assignment invalid meritless and collecting cases). We likewise reject the argument here.

Finally, Appellants assert that their rights under the Louisiana constitution were violated for wrongful seizure and conversion.[11] As discussed above, Appellants are still in possession of their property, meaning no seizure has occurred. This argument is meritless.[12]

AFFIRMED.

---

[11] Appellants' claim under 42 U.S.C. § 1983 is clearly inapplicable. Appellants utterly fail to advance a claim for violation of a federally secured right against an individual acting under color of state law.

[12] We note that, in Louisiana, initiation of foreclosure proceedings *combined with* notices of eviction may be sufficient to create a cognizable claim for wrongful seizure. *See Rayner v. Evangeline Bank & Tr. Co.*, 219 So. 3d 1122, 1124 (La. Ct. App. 2017). But here, Appellants only allege that Wells Fargo initiated foreclosure proceedings. Moreover, a valid claim for wrongful seizure requires that the seizure be caused by an individual or entity owing the plaintiff a duty, and breach of that duty. *See Taylor v. Hancock Bank of La.*, 665 So. 2d 5, 7 (La. Ct. App. 1995). Appellants failed to advance a cognizable claim that any Defendants-Appellees owed them a relevant duty. Thus, without more, we agree with the district court that Appellants have failed to state a claim for wrongful seizure of their property.