# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 22, 2022

Lyle W. Cayce
Clerk

No. 21-10236
Summary Calendar

---

Carlos German Lema Nogales,

*Petitioner—Appellant*,

*versus*

Department of Homeland Security; ICE; U.S. Attorney;
Warden, Eden Detention Facility,

*Respondents—Appellees*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:21-CV-1

---

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

Appellant Carlos Nogales, a native and citizen of Ecuador, was convicted of conspiracy to possess with intent to distribute various illegal

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

drugs.  He was sentenced to 120 months in prison and eventually placed in U.S. Immigration and Customs Enforcement's ("ICE") custody.[1]

Proceeding pro se,[2] Nogales, who characterizes himself as a "high risk individual," argues that his continued detainment violates his substantive due process rights under the Fifth Amendment because of the COVID-19 pandemic.  Specifically, he asserts that he is entitled to release or a bond hearing because, inter alia, "no conditions of confinement can protect him from" the easily transmissible disease.  He therefore appeals the district court's judgment dismissing the case for want of jurisdiction.  Nogales also requests appointment of counsel.

Nogales's appeal is primarily based on the mistaken belief that he can pursue habeas relief due to the allegedly dangerous conditions of his confinement caused by COVID-19.[3]  As we have previously acknowledged, "§ 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures," whereas "the proper vehicle to seek release from custody" is a habeas petition. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997).  Nogales argues that his claim fits into the latter category, contending that he is "challeng[ing] the validity of his continued confinement during an ongoing pandemic" and that release is "his only remedy."  However, Nogales mischaracterizes the nature of his argument— he does not, for instance, challenge ICE's initial authority to detain him or the circumstances that led to his detainment; rather, he maintains "that there

---

[1] Nogales is currently held in the Eden Detention Center in Eden, Texas.

[2] Because Nogales is a pro se plaintiff, we construe his brief liberally.  *See Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993).

[3] To the extent Nogales raises other claims, including a challenge to the duration of his confinement, he waived these arguments by failing to raise them before the district court.  *See United States v. Bigler*, 817 F.2d 1139, 1140 (5th Cir. 1987).

No. 21-10236

are no possible steps . . . that would protect his constitutional rights while he remains in civil detention during the COVID-19 pandemic."

In other words, Nogales is not actually challenging the "fact" of his confinement[4] (though he contends otherwise); rather, his claim, at its heart, challenges the *conditions* of his confinement. Because we lack jurisdiction over such a claim, Nogales cannot seek habeas relief under § 2241.[5] *See Rice v. Gonzalez*, 985 F.3d 1069, 1070 (5th Cir. 2021) ("[T]he Great Writ does not, in this circuit, afford release for prisoners held in state custody due to adverse conditions of confinement."), *cert. denied*, 142 S. Ct. 216 (2021) (mem.); *see also id.* at 1070 & n.2 (holding that, in this circuit, § 2241 does not provide jurisdiction for federal prisoners seeking "COVID-related release from custody" and that such claims are "handled pursuant to 42 U.S.C. § 1983").

Accordingly, we AFFIRM the district court's judgment dismissing his case for want of jurisdiction.[6] All other pending motions before this court, including the motion for appointment of counsel, are DENIED.

---

[4] *See Spina v. Aaron*, 821 F.2d 1126, 1127–28 (5th Cir. 1987) ("Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." (quotation omitted)).

[5] Indeed, "[i]f a challenge to the 'fact' of detention merely required that a detainee claim some circumstance of their detention was unconstitutional or illegal, any condition of confinement claim would be cognizable under habeas." *Francois v. Garcia*, 509 F. Supp. 3d 668, 674 (S.D. Tex. 2020).

[6] We also affirm the denial of the related motions as to which the district court lacked jurisdiction. Indeed, we lack jurisdiction to review temporary restraining order denials in any event. *Matter of Lieb*, 915 F.2d 180, 183 (5th Cir. 1990) ("This court has long held that the denial of an application for a temporary restraining order is not appealable."). As far as the denial of the motion for an evidentiary hearing, that motion was based on Nogales's desire to correct "certain inaccuracies" concerning COVID-19 protocols and an

---

alleged riot that took place at the Eden Detention Center.  Assuming arguendo that there were such inaccuracies, they have no bearing on whether Nogales can proceed under § 2241 to obtain habeas relief.